UNITED STATES DISTRICT COURT **JUDGE KOELTL**
SOUTHERN DISTRICT OF NEW YORK

---

KAPLAN, INC. and MG PREP, INC. d/b/a
MANHATTAN PREP,

        Plaintiffs,

        v.

TRACY YUN and MANHATTAN ENTERPRISE
GROUP LLC d/b/a MANHATTAN ELITE PREP,

        Defendants.

---

**13 CV 1147**

Civil Action No. _____

**JURY TRIAL DEMANDED**

REDACTED

RECEIVED
FEB 2 0 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## COMPLAINT

Plaintiffs Kaplan, Inc. and MG Prep, Inc. d/b/a Manhattan Prep (collectively, "Manhattan

Prep" or "Plaintiffs"), for this Complaint against Defendants Tracy Yun ("Yun") and Manhattan

Enterprise Group d/b/a Manhattan Elite Prep ("MEP"), allege as follows, with knowledge as to

their own actions and upon information and belief as to the activities of others:

### NATURE OF THE ACTION

1.    This action seeks to stop Ms. Yun and MEP (collectively, "Defendants") from

unlawfully misappropriating Plaintiffs' well-known and distinctive MANHATTAN PREP trade

name and trademark (collectively, the "MANHATTAN PREP Mark").  For over twelve years,

Manhattan Prep has been a leading provider of test preparation courses and materials for the

Graduate Management Admission Test (the "GMAT"), the Graduate Record Examinations (the

"GRE"), and the Law School Admission Test (the "LSAT"), providing courses to over 10,000

students and professionals annually. Prospective applicants to highly competitive graduate programs and professional schools trust that MANHATTAN PREP branded courses and materials are of an exceptional quality. To better ensure that Manhattan Prep offers its students the best chance to achieve an optimal score on the GMAT, the GRE or the LSAT, all of its instructors have scored in the 99th percentile on the test for which they offer instruction. Well over a year ago, Manhattan Prep changed its umbrella brand from Manhattan GMAT to Manhattan Prep to better reflect that it offered more than GMAT courses and materials. (Manhattan Prep, however, continues to offer its GMAT courses and materials under the MANHATTAN GMAT mark.)

2.     Since rebranding in July, 2011, Manhattan Prep has invested substantial time, effort and resources in connection with the creation, marketing and promotion of the goods and services under the MANHATTAN PREP Mark. ▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮▮ ▮▮▮▮▮▮▮▮ Through its widespread and exclusive use of the MANHATTAN PREP Mark, and hard work to ensure the unrivalled quality of its test preparation materials and services, Manhattan Prep has established substantial goodwill nationally in its name and mark.

3.     On or about December, 2011, a mere six months after Plaintiffs' rebranding as Manhattan Prep, Ms. Yun abandoned her former company to launch a new company offering test preparation courses and associated services for standardized tests including the GRE, the GMAT and the LSAT. Recognizing the incalculable brand equity in Plaintiffs' MANHATTAN PREP Mark, Ms. Yun cannily selected the nearly identical MANHATTAN ELITE PREP name (the "Infringing Name") for her new venture, attempting to leverage the benefits of Plaintiffs' advertising dollars, hard-earned reputation and goodwill.

4.    The consequence of Defendants' use of the MANHATTAN ELITE PREP name has been student confusion.   In numerous, well documented instances, students purchased prep courses from MEP on the mistaken belief that the courses were sold by Manhattan Prep.   Many of those students have contacted, and continue to contact, Manhattan Prep to discuss their purchased courses, only to belatedly discover their purchase was from MEP.   Making matters worse, upon information and belief Defendants have promoted and exacerbated student confusion by, among other things, adopting copycat marketing campaigns using Groupon campaigns and answering phone calls in a manner designed to mislead students about the relationship between Manhattan Prep and MEP.

5.    This is not the first time that Ms. Yun has wrongfully used Plaintiffs' valuable brands.   In 2005, five years after Plaintiffs had established Manhattan GMAT as a leading provider of GMAT test prep courses and materials, Ms. Yun and her then business partner, Joern Meissner, started a company called Manhattan Review ("MR") to compete with Manhattan GMAT, the predecessor name to Manhattan Prep and the continuing name of Manhattan Prep's GMAT prep courses.   To attract prospective students to their then nascent enterprise, in or about 2005, Ms. Yun, as the Chief Executive Officer of MR, registered and used domain names that blatantly incorporated the MANHATTAN GMAT trademark and trade name: <www.manhattengmat.com> and <www.manhattan-gmat.com>.   Despite the egregiousness of her conduct, Ms. Yun refused to stop using the blatantly infringing domain names until Manhattan GMAT filed a federal action against her company in 2006.[1]

6.    Ms. Yun's *modus operandi* has been to build new test prep businesses by trademark infringement and other deceptive business practices.   Ms. Yun's own partner at MR is suing her in a pending state court action alleging that Ms. Yun stole MR's assets and attempted to divert

---

[1]    *MG Prep, Inc. v. Manhattan Review LLC*, No. 06 CV 0462 (SAS) (June 21, 2006).

- 3 -

MR's customers when she broke away to start MEP.[2]

7.      To avoid inevitable confusion and deception of consumers and to prevent Defendants' obvious and willful intent to trade on Manhattan Prep's goodwill, Plaintiffs are filing this action asserting claims for trademark infringement, unfair competition and false designation of origin under Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)), for cybersquatting under Section 43(d) of the Lanham Act (15 U.S.C. § 1125(d)), and for the related claims of infringement, dilution, deceptive business practices, and unfair competition under the statutory and common laws of New York.   Manhattan Prep seeks injunctive relief to prevent Defendants from using Plaintiffs' MANHATTAN PREP Mark in any way and to prevent Defendants from wrongfully capitalizing on Plaintiffs' invaluable goodwill and hard-earned reputation.   Defendants' unlawful activities are precisely the types of actions against which the trademark, unfair competition, and, most importantly, consumer protection laws were designed to protect.

## JURISDICTION AND VENUE

8.      This action arises under the Lanham Act of 1946 (as amended), 15 U.S.C. § 1051 *et seq.*, and under related state statutory and common laws.

9.      Subject matter jurisdiction over this action is conferred upon this Court by 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338 and 1367.

10.     This Court has supplemental jurisdiction over all state law claims under 28 U.S.C. § 1367, and under principles of pendent jurisdiction.

11.     Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants are located in

---

[2] A true and correct copy of the First Amended Complaint in *Meissner v. Yun*, Index No. 12-650913 (Supreme Court of New York, New York County) is attached as Exhibit A.

this Judicial District and are doing and transacting business in this Judicial District; have substantial contacts with this Judicial District; and Defendants have advertised in this Judicial District and have caused many of the tortious acts complained of herein in this Judicial District.

12.    This Court has personal jurisdiction over Defendants in this action by virtue of their acts and omissions which have taken place in the State of New York and are designed to, and are, causing substantial confusion and deception among consumers in New York and irreparable injury to Manhattan Prep's invaluable reputation and goodwill.  Defendants' principal place of business is located in the State of New York and, upon information and belief, Ms. Yun is a resident of the State of New York.

## PARTIES

13.    Plaintiff Kaplan, Inc. is a corporation duly organized and existing under the laws of the State of Delaware, with an office at 395 Hudson Street, New York, New York 10014.

14.    Plaintiff MG Prep, Inc. d/b/a Manhattan Prep is a wholly owned subsidiary of Plaintiff Kaplan, Inc.

15.    Upon information and belief, Defendant Manhattan Enterprise Group LLC d/b/a Manhattan Elite Prep, is a limited liability company duly organized and existing under the laws of Delaware, with its principal place of business located in the State of New York.

16.    Upon information and belief, the principal officer, director, and shareholder of Manhattan Enterprise Group LLC d/b/a Manhattan Elite Prep is Ms. Yun.

17.    Upon information and belief, Ms. Yun is an individual residing in the State of New York.

## GENERAL ALLEGATIONS

18.    Manhattan Prep is nationally recognized as a leading provider of test preparation

courses and instructional materials designed to assist students and professionals achieve an optimal score on the GMAT, the GRE or the LSAT.

### The MANHATTAN PREP Mark

19.   Manhattan Prep operates various websites to promote its MANHATTAN PREP courses and materials, including its principal website at manhattanprep.com, to advertise its MANHATTAN PREP goods and services and to provide information about its GMAT, GRE, and LSAT courses and materials.

20.   Through Manhattan Prep's exclusive use of the MANHATTAN PREP Mark since July, 2011, it has established ownership of the MANHATTAN PREP Mark and the exclusive right to use this mark in interstate commerce in connection with test preparation services and materials related thereto.

21.   The MANHATTAN PREP Mark is inherently distinctive, and through its continuous and extensive use, the MANHATTAN PREP Mark has come to signify, identify and distinguish Manhattan Prep as the source of the well-known and highly regarded MANHATTAN PREP courses and study resources.   As such, the MANHATTAN PREP Mark has acquired distinctiveness and secondary meaning in the minds of consumers throughout the United States.

22.   Since July, 2011, Manhattan Prep has extensively advertised, promoted and marketed its MANHATTAN PREP course and materials.   As a result of Manhattan Prep's extensive and effective marketing of its MANHATTAN PREP courses and materials, consumers have come to identity MANHATTAN PREP with it.

23.   Manhattan Prep has spent well over ███████████ developing, advertising, and promoting its MANHATTAN PREP courses and materials through a myriad of advertising and promotional channels.   To date, sales of Manhattan Prep's courses and materials marketed under

the MANHATTAN PREP Mark have exceeded well over ███████████

24.  Since July, 2011, Manhattan Prep has received a tremendous amount of unsolicited media coverage in publications such as *The Wall Street Journal* and *Fast Company*. True and correct copies of numerous examples of Manhattan Prep's media and industry coverage are attached as Exhibit B.

25.  As a result of its tremendous success and popularity, the MANHATTAN PREP Mark has acquired distinctiveness and has functioned as a source identifier for test preparation courses and materials, and symbolizes and embodies the goodwill rightfully belonging exclusively to Manhattan Prep.

26.  Due to Manhattan Prep's extensive promotional efforts and its exclusive and continuous use of the MANHATTAN PREP Mark, the MANHATTAN PREP Mark has become famous.

27.  In recognition of Manhattan Prep's exclusive rights in and to the MANHATTAN PREP Mark, Plaintiffs have filed a trademark application for MANHATTAN PREP in Class 41 for "educational services, namely, providing online and classroom courses, private tutoring, and study materials for standardized graduate school exams and professional school entrance exams" (Plaintiff Kaplan, Inc. is listed as the owner of record). This application is currently pending.

**Students' Confusion and Defendants' Fraudulent Deception and Misrepresentation**

28.  In the brief time that MEP has operated, Defendants have already caused numerous documented instances of actual confusion.

29.  In June, 2012, Plaintiffs ran a Groupon promotion in New York. A few days later, Defendants ran a virtually identical promotion using the MANHATTAN ELITE PREP mark. *See* Exhibit C.

30.    Since then, MEP's copycat promotions have caused several documented instances of actual confusion, all reported to Manhattan Prep by the confused students.

31.    For instance, on or about July 5, 2012, a student attempted to put a Groupon code into a purchase page on Manhattan Prep's website.  When the code did not work, the student telephoned Manhattan Prep.  During the call it became apparent that the student, who had intended to purchase a course from Manhattan Prep, had mistakenly purchased a Groupon from Manhattan Elite Prep.  As explained by the student to the Manhattan Prep representative, "I thought it was you.  A friend was recently recommending your courses, just a few days later I saw this Groupon, so I bought it."

32.    On or about 6:30pm EST on November 14, 2012, a student telephoned Manhattan Prep's Student Services to complain about her treatment by a person she understood to be a representative of Manhattan Prep.  The student had purchased a Groupon for a GMAT course and telephoned the number on the Groupon to schedule the course.  The student believed that she had purchased the Groupon from Manhattan Prep, with whom the student had previously studied, and was viewing Manhattan Prep's online course schedule when she made the telephone call.  In fact, however, the Groupon had been sold by MEP, and the person who answered the scheduling call was a representative of that company.  According to the student, the MEP representative made no effort to disabuse the student of her confusion but instead pretended to be viewing the student's Manhattan Prep records when discussing her course schedule, thereby reinforcing the student's belief that she had contacted Manhattan Prep.  As reported by the student, when she requested a Sunday class (as listed on Manhattan Prep's schedule), the MEP representative discouraged her from taking the Sunday class (which MEP did not offer) and instead recommended a Saturday and Tuesday class, which MEP had -- presumably not

coincidentally -- scheduled for the same times as Manhattan Prep classes.  Dissatisfied with her experience, the student immediately contacted Manhattan Prep to report the phone representative's off-putting and unprofessional manner because she "had really good experiences with [Manhattan Prep], and thought the [representative] should be reported because he was not consistent with [Manhattan Prep's] customer service."  When the Manhattan Prep customer service representative explained that MEP was not Manhattan Prep, the student remarked, "these guys really shouldn't be pretending to be you."

33.    On or about November 25, 2012, a student contacted Manhattan Prep to remove her name from Manhattan Prep's email list for course reminders.  The student had apparently signed up for a course on a website she believed to be Manhattan Prep's and had been receiving numerous email reminders about her course.  In fact, the student had apparently purchased the course from MEP, and it was MEP's emails that she had been receiving.

34.    At or about 11:30am EST on January 16, 2013, a student telephoned Manhattan Prep about a classed listed on Manhattan Prep's website scheduled to run in Oregon.  When the Manhattan Prep representative explained that Manhattan Prep does not offer classes in Oregon, the caller explained that he had gotten Manhattan Prep confused with Manhattan Elite Prep.

35.    In the morning of January 21, 2013, a student telephoned Manhattan Prep to ask about the Manhattan Prep Groupon that he was interested in purchasing.  The student had formerly prepared for the LSAT with Manhattan Prep and knew of Manhattan Prep's strong reputation for GRE prep.  Before purchasing the Groupon, however, the student wanted to understand the 'fine print' on the Groupon which read "courses available Saturdays only."  The student went to Manhattan Prep's website and noticed that Manhattan Prep did not offer Saturday classes in his region, so he called Manhattan Prep to understand his options.  In fact, the

Groupon was offered by Manhattan Elite Prep.  But for his attention the fine print and subsequent call to Manhattan Prep, the student would have purchased the Groupon on the mistaken belief that he was purchasing GRE classes from Manhattan Prep.

36.   On or about 6:15pm EST on February 4, 2013, a student telephoned Manhattan Prep about the Groupon she had recently purchased.  When it became apparent that the Groupon had been sold by Manhattan Elite Prep, the student said the similarity of the companies' names was "very confusing."

37.   On or about 6:30pm EST on February 4, 2013, a student telephoned Manhattan Prep with respect to a Gilt City coupon that the student had just purchased online.  According to the student, the Gilt City coupon linked to Manhattan Prep's website, and it was from Manhattan Prep's website that she obtained the telephone number she used to make the February 4th call. In fact, Manhattan Prep had not offered any coupon through Gilt City at the time.

38.   Upon information and belief, Manhattan Elite Prep has received numerous communications from students interested in Manhattan Prep courses.

39.   Upon information and belief, Defendants' employees have a regular practice of answering telephone inquiries from prospective students in such a purposefully confusing and deceptive manner that callers have the false impression that they have contacted the *bona fide* Manhattan Prep.

40.   Upon information and belief, Defendants have chosen to change their name to include Plaintiffs' MANHATTAN PREP Mark with the willful intent to trade on the goodwill and reputation established by Plaintiffs.

### Defendants' Serial Attempts to Trade on Plaintiffs' Hard-Earned Reputation

41.   Upon information and belief, in 2005, Ms. Yun founded Manhattan Review LLC

d/b/a Manhattan Review ("MR") with Joern Meissner to offer GMAT test preparation courses to prospective business schools applicants.  Upon information and belief, Meissner resided outside the United States and Ms. Yun was the Chief Executive Officer.

42.   By 2005, Manhattan Prep, then known as Manhattan GMAT, was well-established as a highly regarded provider of test preparation courses and materials.

43.   In or around 2005 and shortly after MR's founding, MR wrongfully registered and used the domain names manhattengmat.com and manhattan-gmat.com, which blatantly infringed upon Manhattan Prep's MANHATTAN GMAT trade name and trademark.

44.   Ms. Yun's obvious and willful intent to build MR by trading on Manhattan Prep's MANHATTAN GMAT trade name and trademark was a cynical, calculated attempt to confuse and divert students to her knock-off offerings and away from the *bona fide* MANHATTAN GMAT courses and materials.

45.   ████████████████████████████████████

████████████████████████████████████████

████████████

46.   In the years following, Plaintiffs' revenues and market share grew substantially and Plaintiffs became one of the largest and most successful providers of GMAT preparation, as well as a leading provider of LSAT and GRE preparation.

47.   By contrast, MR remained a small player in the test prep market.

48.   Upon information and belief, in 2011 MR's revenues in 2011 were substantially less than ten percent of Manhattan Prep's revenues.

49.   In July, 2011, with its business and lines of business expanding, Plaintiffs adopted the umbrella brand MANHATTAN PREP, as its central brand identity, while continuing to offer

its GMAT courses and materials under its MANHATTAN GMAT mark.

50.    Within months of the rebranding, Ms. Yun broke away from her former partner at MR and started a new test preparation business, for which she not coincidentally selected the name "MANHATTAN ELITE PREP."   A true and correct copy of a WHOIS report for manhattaneliteprep.com is attached as Exhibit D.

51.    Upon information and belief, Ms. Yun regarded Manhattan Prep's rebranding as an opportunity, and she seized the chance.   As she did in 2005 when she co-founded MR, Ms. Yun is attempting to build a new business on the back of Plaintiffs' goodwill.

52.    Defendants' use of a mark nearly identical to Plaintiffs' MANHATTAN PREP Mark in the same channels of trade is likely to cause, and has in fact caused confusion, mistake and deception among consumers as to the source of goods and services provided and whether they are affiliated with, sponsored by, or otherwise associated with Manhattan Prep and its goods and services.

53.    The addition of the word "Elite" to the MANHATTAN PREP Mark does little to differentiate Defendants' name from Manhattan Prep's protected trademark and fails to dispel likely confusion among consumers between Plaintiffs and Defendants and their respective goods and services.

**Defendants' Dispute with Manhattan Review**

54.    As noted above, this is not the first time Ms. Yun has attempted to build a business by trademark infringement and unfair business practices.   In 2005 she registered infringing domain names, and this time around she selected a business name -- Manhattan Elite Prep -- nearly identical to the MANHATTAN PREP mark.   To get her latest business off the ground she also, according to her former partner at MR, has attempted to divert MR's assets and students to MEP.

- 12 -

55.   On March 23, 2012, Mr. Meissner, her former partner at MR, filed an action against Ms. Yun in the Supreme Court of New York (the "State Action") alleging that on or about January 3, 2012, Ms. Yun dissolved MR without her former partner's knowledge or consent and transferred all of the company's assets to MEP.  *See* Exhibit A, First Amended Complaint in the State Action, ¶ 14.

56.   "In an obvious effort to trade on the business built by Meissner," the complaint alleges, "Yun has taken a number of other steps to divert business to her new company" and to create confusion about the relationship between MR and MEP.  For example, he alleges that Ms. Yun "took Manhattan Review's written course and marketing materials and recast them as MEP brochures."  MEP's brochure, he alleges, is confusing and "identical, or nearly identical" to MR's brochure.  *Id.*, ¶ 16.

57.   Additionally,   Ms.   Yun   allegedly   "registered   a   new   website, www.manhattaneliteprep.com, and is seeking to divert all existing and new customers of the [MR] business to register for educational programs through [MEP]."  *Id.*, ¶ 15.

58.   Ms. Yun also allegedly instructed a subordinate to "post a testimonial to elicit understanding of suspicious customers for the name change.  Ms. Yun has initiated similar actions to redirect the goodwill established by" MR.  *Id.*, ¶ 19.

### Defendants' Trademark Infringement and Dilution

59.   Defendants' use of the Infringing Name constitutes trademark infringement of Plaintiffs' MANHATTAN PREP Mark and unlawfully capitalizes on the goodwill and reputation of the MANHATTAN PREP Mark.

60.   Defendants' infringement of the MANHATTAN PREP Mark has already caused and is likely to continue to cause a substantial number of consumers and the trade to be confused

or mistaken into believing that Defendants and their GMAT, GRE and LSAT course offerings are affiliated with, originate with, are sponsored or approved by, emanate from, or are otherwise associated with Manhattan Prep and its courses and materials.

61.    Many actual and potential purchasers and consumers, upon encountering Defendants' Infringing Name in connection with GMAT, GRE and LSAT courses and materials, are likely to mistakenly believe, and have already mistakenly believed, that Manhattan Prep has in some way licensed, approved, or sponsored Defendants' products and services, or that Defendants' products and services originated with, or are in some way affiliated with or related to, Manhattan Prep or its products and services sold under the MANHATTAN PREP Mark.

62.    However, Manhattan Prep has no control over the nature or the quality of the products or services created and marketed by Defendants under the Infringing Name, and, as such, there is a real danger that Defendants' emerging use will reflect adversely on Manhattan Prep as the perceived sponsor thereof.  This mistaken perception is sure to damage Manhattan Prep's reputation and hamper its efforts to maintain and develop the reputation of the MANHATTAN PREP Mark and products and services in a manner that cannot be measured or quantified.  The risk to Manhattan Prep's unparalleled reputation for excellence and fair dealing is particularly pronounced in light of the pending State Action against Ms. Yun, who has allegedly engaged in unlawful and deceptive activities in connection with the creation and promotion of MEP.

63.    In addition, Defendants' use of the Infringing Name has caused, and unless immediately enjoined will continue to cause, dilution of the distinctive quality of Plaintiffs' MANHATTAN PREP Mark because the mark's capacity to identify and distinguish Plaintiffs' products and services will be diminished.

## Defendants' Unfair Competition

64.   Defendants' activities constitute unfair competition under both federal and state common law.  Unless Defendants' acts of false designation of origin, trademark infringement, dilution, and unfair competition, are permanently enjoined, Manhattan Prep will suffer irreparable injury for which there is no adequate remedy at law.

## Defendants' Refusal to Stop Their Unlawful Activities

65.   On August 1, 2012, Manhattan Prep placed Defendants on notice of its objection to Defendants' unlawful acts.  In this letter, Manhattan Prep warned Defendants that their use of the Infringing Name had already caused documented instances of actual confusion.  A true and correct copy of Manhattan Prep's August 1, 2012 letter to Defendants is attached hereto as Exhibit E.

66.   On August 8, 2012, Defendants informed Manhattan Prep that they had superior rights to the Infringing Name because MEP had been using the name Manhattan Elite Prep since February 2012 and "we know for certain that [Manhattan Prep's first use date] was no earlier than May 4, 2012."  Defendants alternatively claimed that the MANHATTAN PREP was "weak" and, as a result, not entitled to protection.  A true and correct copy of Defendants' August 8, 2012 letter to Manhattan Prep is attached hereto as Exhibit F.

67.   On August 29, 2012, Manhattan Prep advised Defendants that Manhattan Prep's first use of the MANHATTAN PREP Mark in commerce was as early as July, 2011 -- a demonstrable fact -- and therefore Manhattan Prep, not Defendants, had superior rights in and to the MANHATTAN PREP Mark, which the public had come to associate goods and services sold in connection with the mark as originating with Manhattan Prep.  Defendant's admission that

their first use of MANHATTAN ELITE PREP was in February 2012 and the fact that the Defendant company was not even formed until 2012 forecloses any dispute that Manhattan Prep is the superior user. A true and correct copy of Manhattan Prep's August 29, 2012 letter to Defendants is attached hereto as Exhibit G.

68.    Further, Defendants' allegation that the MANHATTAN PREP Mark is "weak" or non-distinctive rings hollow in light of their own assertion in the State Action (in which Defendants are being sued by MR) that "the mark 'Manhattan Elite Prep' is distinctive and entitled to protection." Exhibit H, Ms. Yun's and MEP's Amended Counterclaims in the State Action, ¶ 77.

69.    Following their initial communications regarding this matter, the parties engaged in settlement discussions, but these discussions have been unsuccessful.

70.    Accordingly, Manhattan Prep is left with no alternative but to seek injunctive and other relief for Defendants' unlawful actions.

71.    By engaging in the aforesaid acts and conduct, Defendants, individually and by their collective action, have caused and will continue to cause grave and irreparable injury to Manhattan Prep's intellectual property.

72.    Upon information and belief, Defendants' business venture is in its infancy. Unless Defendants' conduct is not permanently enjoined, Defendants will continue to cause irreparable and continuing harm and injury to Manhattan Prep, for which Manhattan Prep has no adequate legal remedy.

## CLAIMS FOR RELIEF

### CLAIM I
### TRADEMARK INFRINGEMENT, UNFAIR COMPETITION, AND FALSE DESIGNATION OF ORIGIN (FEDERAL)

73.   Manhattan Prep repeats and realleges the allegations of paragraphs 1 through 72 as if set forth herein.

74.   Defendants' unlawful and illegal actions, as set forth above, are likely to cause confusion, mistake, or deception as to the source, origin, affiliation, association or sponsorship of Defendants' goods and services and falsely mislead consumers into believing that Defendants and/or their goods and services originate from, are affiliated or connected with, or approved by, Manhattan Prep.

75.   Accordingly, Defendants' activities constitute an infringement of the MANHATTAN PREP Mark and unfair competition in violation of 15 U.S.C. § 1125(a).

76.   Defendants' acts of infringement and unfair competition have caused Manhattan Prep to sustain monetary damage, loss, and injury, in an amount to be determined by the Court.

77.   Defendants have engaged these activities willfully, so as to justify the assessment of treble damages under 15 U.S.C. § 1117.

78.   The MANHATTAN PREP Mark has acquired secondary meaning by virtue of Manhattan Prep's advertising featuring the MANHATTAN PREP Mark, its sales success in connection with the MANHATTAN PREP Mark, Defendants' documented attempts to plagiarize the mark, and Plaintiffs' extensive and exclusive use of the MANHATTAN PREP Mark.

79.   Defendants' acts of infringement and unfair competition, unless permanently enjoined by this Court, will continue to cause Manhattan Prep to sustain irreparable damage, loss and injury, for which it has no adequate remedy at law.

## CLAIM II
## UNFAIR COMPETITION (FEDERAL)

80.   Manhattan Prep repeats and realleges the allegations of paragraphs 1 through 79 as if set forth herein.

81.   The willful and illegal conduct of Defendants constitutes unfair competition in that it offends public policy and is deceptive, oppressive, unethical, morally culpable, unscrupulous and causes injury to consumers.

82.   Defendants' willful and deliberate acts described above have caused irreparable injury to Manhattan Prep, and, unless enjoined will cause further irreparable injury, whereby Manhattan Prep has no adequate remedy at law.

## CLAIM III
## CYBERSQUATTING (FEDERAL)

83.   Manhattan Prep repeats and realleges the allegations of paragraph 1 through 82 as if set forth herein.

84.   Upon information and belief, on or around December, 2011, Defendants registered and are now using the domain name manhattaneliteprep.com to market its test preparation goods and services.

85.   Defendants' domain name expressly contains Plaintiffs' MANHATTAN PREP Mark and therefore is nearly identical and confusingly similar to Plaintiffs' MANHATTAN PREP Mark.

86.   Plaintiffs' MANHATTAN PREP Mark is distinctive, and had achieved secondary meaning by the Defendants registered its domain name in December of 2011.

87.   Defendants' use of the manhattaneliteprep.com domain name infringes Plaintiffs' rights in and to the MANHATTAN PREP Mark.

88.   Upon information and belief, Defendants registered the domain name with the bad faith intent to profit from the invaluable goodwill Plaintiffs have developed in the MANHATTAN PREP Mark.

89.   Upon information and belief, with full knowledge of Plaintiffs' exclusive rights in the MANHATTAN PREP Mark, Defendants have attempted to confuse consumers and to divert them to their website for profit.

90.   Upon information and belief, Defendant registered and is using a domain name which is confusingly similar to Plaintiffs' MANHATTAN PREP Mark to divert consumers from Manhattan Prep's website at the domain name manhattanprep.com to Defendants' website.

91.   Defendants' attempt to divert Plaintiffs' consumers to a competitive website for commercial gain and with the intent to create likely and actual confusion as to the source, sponsorship, affiliation or endorsement of Defendants' website, has irreparably harmed Plaintiffs' goodwill in the MANHATTAN PREP Mark.

92.   Defendants' conduct has caused and will continue to cause injury to Manhattan Prep and to its goodwill and reputation, and will continue to damage both Manhattan Prep and the public unless permanently enjoined by this Court and the domain name ordered transferred to Plaintiffs.

## CLAIM IV
## TRADEMARK DILUTION (STATE)

93.   Manhattan Prep repeats and realleges the allegations of paragraphs 1 through 92 as if set forth herein.

94.   This claim is for injury to goodwill and business reputation pursuant to New York General Business Law Section 360-l.

95.   The MANHATTAN PREP Mark is distinctive within the meaning of New York General Business Law Section 360-l.

96.   Defendants' conduct alleged above causes injury to the invaluable goodwill and business reputation of Plaintiffs and their MANHATTAN PREP Mark and creates a likelihood of dilution of the distinctive quality of the mark in violation of New York General Business Law Section 360-l.

97.   Defendants' willful and deliberate acts described above have caused irreparable

injury to Manhattan Prep's goodwill and reputation, and, unless enjoined will cause further irreparable injury, whereby Manhattan Prep has no adequate remedy at law.

## CLAIM V
## TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION (STATE)

98.   Manhattan Prep repeats and realleges the allegations of paragraphs 1 through 97 as if set forth herein.

99.   Defendants' use of the Infringing Name, as alleged above, constitutes trademark infringement and unfair competition in violation of common law.

100. Defendants' willful and deliberate acts described above have caused irreparable injury to Manhattan Prep, and, unless enjoined will cause further irreparable injury, whereby Manhattan Prep has no adequate remedy at law.

## CLAIM VI
## DECEPTIVE ACTS AND PRACTICES (STATE)

101. Manhattan Prep repeats and realleges the allegations of paragraphs 1 through 100 as if set forth herein.

102. This claim is for deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

103. Defendants' use of the Infringing Name, as alleged above, constitutes deceptive acts and practices under New York General Business Law Sections 349 and 350, *et seq.*

104. Defendants' willful and deliberate acts described above have caused irreparable injury to Manhattan Prep, and, unless enjoined will cause further irreparable injury, whereby Manhattan Prep has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

A.     For a permanent injunction enjoining and restraining Defendants and each of their officers, agents, servants, employees and attorneys, and those persons acting in concert or participation with them who receive actual notice of the Order by personal service or otherwise, from:

(1)     using Plaintiffs' MANHATTAN PREP Mark (however spelled, whether capitalized, abbreviated, singular or plural, printed or stylized, whether used alone or in combination with any word or words, and whether used in caption, text, orally or otherwise), or any other reproduction, counterfeit, copy, colorable imitation or confusingly similar variation of Plaintiffs' MANHATTAN PREP Mark, as a trade name, trademark, service mark, domain name, or in any other manner which suggests in any way that Defendants and/or their activities, products or services originate from, are affiliated with, or are sponsored, authorized, approved or sanctioned by Manhattan Prep, or that Manhattan Prep and/or its activities, products or services are affiliated in any way with Defendants;

(3)     infringing or diluting the MANHATTAN PREP Mark;

(4)     using in connection with Defendants' activities, products or services any false or deceptive designation, representation, description or advertisement of Defendants or of their activities, products or services, whether by symbols, words or statements, which would damage or injure Manhattan Prep or give Defendants an unfair competitive advantage in the marketplace;

(5)     violating New York General Business Law Sections §§ 349-350, *et seq.*

and 360–l;

   (6) engaging in acts of state or common law trademark infringement, unfair competition, misappropriation or dilution; and

   (7) inducing, encouraging, instigating, aiding, abetting or contributing to any of the aforesaid acts.

  B. That all materials, packaging, labels, tags, pamphlets, brochures, signs, sales literature, stationary, advertisements, contracts, documents, materials and the like in the possession or under the control of Defendants, including, without limitation, all copies of their print and online GMAT, GRE, and LSAT courses and materials, and all plates, molds, matrices, negatives, masters and other means of making the same, which might, if used, violate the Order herein granted, be recalled as the Court shall direct.

  C. That all Internet sites, online social media platforms, and any and all online or electronic advertising and marketing materials and tools, including, without limitation, metatags and keywords, which might, if displayed or disseminated, violate the Order, be revised as the Court shall direct.

  D. That Defendants immediately cease the use of manhattaneliteprep.com as a domain name and that Defendants immediately transfer the manhattaneliteprep.com domain name to Manhattan Prep.

  E. That Defendants file with the Court and serve on counsel for Manhattan Prep within thirty (30) days after service on Defendants of such Order, or within such extended time period as this Court may direct, a report in writing and under oath, setting forth in detail the manner and form in which Defendants have complied with the Order.

F.      For an award of Defendants' profits and Manhattan Prep's damages resulting from Defendants' unlawful acts set forth herein, in an amount to be proven at the time of trial, together with legal interest from the date of accrual thereof.

G.      That Defendants be required to pay to Manhattan Prep statutory damages in an amount not less than $100,000 pursuant to the Anticybersquatting Consumer Protection Act, 15 U.S.C. § 1125(d).

H.      For an award of treble damages pursuant to 15 U.S.C. § 1117.

I.      For an award of punitive damages, in an amount to be proven at the time of trial.

J.      That Manhattan Prep be awarded the costs of this civil action, together with Manhattan Prep's reasonable attorney fees, pursuant to 15 U.S.C. § 1116 and/or 15 U.S.C. § 1117, and the equity powers of the Court.

K.      That Defendants recall from publication, distribution or dissemination, and deliver up for destruction, all advertising, marketing, promotional pieces and other items, the dissemination of which by Defendants would violate the injunction herein granted.

L.      That Manhattan Prep be awarded such other and further relief as the Court may deem equitable and proper.

## DEMAND FOR A JURY TRIAL

Plaintiffs demand a jury trial on all issues properly triable by a jury.

KENYON & KENYON LLP

Dated: February 19, 2013              By: _____

Michelle Mancino Marsh (MM 1494)
One Broadway
New York, New York 10004
Telephone:      (212) 425-7200
Facsimile:      (212) 425-5288

Mimi K. Rupp (MR 0007)
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
Telephone:      (650) 384-4700
Facsimile:      (650) 384-4701

*Attorneys for Plaintiffs*
*Kaplan, Inc. and MG Prep, Inc.*
*d/b/a Manhattan Prep*

- 24 -