UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KAPLAN, INC. and MG PREP, INC. d/b/a
MANHATTAN PREP,

       Plaintiffs,

    v.

TRACY YUN and MANHATTAN ENTERPRISE
GROUP LLC d/b/a MANHATTAN ELITE PREP,

       Defendants.
-----------------------------------------------------------------X

Civil Action No. 13 CV 1147
(JGK) (HP)

# DEFENDANTS' REPLY MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION TO DISMISS

**RIVKIN RADLER LLP**
*Attorneys for Defendants*
TRACY YUN and
MANHATTAN ENTERPRISE GROUP LLC
d/b/a MANHATTAN ELITE PREP
Celeste M. Butera
Jason B. Gurdus
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

# TABLE OF CONTENTS

| | | Page |
|---|---|---:|
| TABLE OF AUTHORITIES | | ii |
| I. | PLAINTIFFS HAVE FAILED TO ALLEGE A CLAIM OF TRADEMARK INFRINGEMENT AS TO "MANHATTAN PREP" OR "MANHATTAN GMAT" | 1 |
| | A. Plaintiffs Fail To Plead Sufficient Facts And Fail To Allege That MANHATTAN PREP Has Acquired Secondary Meaning As Of First Use Of Defendants' Mark | 1 |
| | B. Plaintiffs Have Failed to Allege Any Claims Relating To "Manhattan GMAT" | 3 |
| | C. Plaintiffs Have Failed To Allege That MANHATTAN PREP Was Used In Commerce Prior To MEP's Use Of MANHATTAN ELITE PREP In Commerce | 4 |
| II. | BASED ON PLAINTIFFS' ALLEGATIONS IN THEIR AMENDED COMPLAINT, PLAINTIFFS' MARK IS NOT PROTECTABLE AND THEIR TRADEMARK CLAIMS FAIL AS A MATTER OF LAW | 5 |
| III. | PLAINTIFFS SIGNED A SWORN DECLARATION IN THEIR MAY 4, 2012 INTENT-TO-USE APPLICATION AND HAVE NOT PLEADED ANY FACTS OF ANY BONAFIDE DELIBERATE, NOTORIOUS, CONTINUOUS USE OF MANHATTAN PREP IN COMMERCE PRIOR TO MAY 4, 2012 | 7 |
| IV. | PLAINTIFFS HAVE NOT ALLEGED A HARM TO THE PUBLIC INTEREST IN SUPPORT OF THEIR DECEPTIVE ACTS AND PRACTICES CLAIM | 8 |
| V. | PLAINTIFFS' FALSE ADVERTISING CLAIM IS NOT PROPERLY ALLEGED | 8 |
| VI. | PLAINTIFFS DO NOT PROPERLY ASSERT A CYBERSQUATTING CLAIM | 9 |
| VII. | PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED | 10 |
| CONCLUSION | | 10 |

# TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aktieselskabet v. Fame Jeans Inc.*,
525 F.3d 8 (D.C.C. 2008) ............................................................................................................8

*Ansong v. City of New York*,
308 A.D.2d 333, 764 N.Y.S.2d 182 (1st Dep't 2003) .................................................................4

*Bachellerie v. Z. Cavaricci, Inc.*,
762 F. Supp. 1070 (S.D.N.Y. 1991)............................................................................................3

*Bell Atlantic Corp. v. Twombly*,
550 U.S. 544 (2007) ....................................................................................................................1

*Black & Decker Corp. v. Dunsford*,
944 F.Supp. 220 (S.D.N.Y. 1996) ...............................................................................................6

*Brass v. American Film Technologies*,
987 F.2d 142 (2d Cir. 1993) ........................................................................................................4

*Chamilia, LLC v. Pandora Jewelry, LLC*,
2007 U.S. Dist. LEXIS 71246 (S.D.N.Y. 2007) .........................................................................9

*Cicena Ltd. v. Columbia Telecommunications Group*,
900 F.2d 1546 (Fed. Cir. 1990) ...................................................................................................6

*City Merchandise, Inc. v. Kings Overseas Corp.*,
2001 U.S. Dist. LEXIS 3176 (S.D.N.Y. 2001) ...........................................................................3

*Cowan v. Ernest Codelia, P.C.*,
149 F. Supp. 2d 67 (S.D.N.Y. 2001)............................................................................................4

*Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*,
314 F.3d 48 (2d Cir. 2002) ..........................................................................................................9

*Fraga v. Smithaven MRI*,
1996 U.S. Dist. LEXIS 22016 (E.D.N.Y. 1996) .........................................................................6

*Greenlight Capital, Inc. v. GreenLight (Switz.) S.A.*,
2005 U.S. Dist. LEXIS 2 (S.D.N.Y. 2005)..................................................................................8

*GreenPoint Financial Corp. v. Sperry & Hutchinson Co.*,
116 F. Supp. 2d 405 (S.D.N.Y. 2000).........................................................................................2

*Ideal World Marketing v. Duracell*,
15 F. Supp. 2d 239 (E.D.N.Y. 1998) ...........................................................................................6

*Jewish Sephardic Yellow Pages v. Dag Media Inc.*,
478 F.Supp. 2d 340 (E.D.N.Y. 2007) ..........................................................................................6

*Lucent Information Mgmt, Inc. v. Lucent Technologies, Inc.*,
    186 F.3d 311 (3d Cir. 1999) ..........................................................................................8

*Morgans Group LLC v. John Doe Co.*,
    2012 U.S. Dist. Lexis 46525 (S.D.N.Y. 2012) ............................................................6

*Peter F. Gaito Architecture, LLC v. Simone Development Corp.*,
    602 F.3d 57 (2d Cir. 2010) ...........................................................................................6

*Prof'l Sound Servs. v. Guzzi*,
    2003 U.S. Dist. LEXIS 15820 (S.D.N.Y. 2003) ..........................................................9

*Ralston Purina Co. v. Thomas J. Lipton, Inc.*,
    341 F. Supp. 129 (S.D.N.Y. 1972) ...............................................................................6

*Rockland Exposition, Inc. v. Alliance of Automotive Service Providers of New Jersey*,
    894 F. Supp. 2d 288 (S.D.N.Y. 2012) ..........................................................................5

*Saratoga Vichy Spring Co. v. Lehman*,
    625 F.2d 1037 (2d Cir. 1980) .......................................................................................6

*Schwartz v. Compagnie General Transatlantique*,
    405 F.2d 270 (2d Cir. 1968) .....................................................................................6, 7

*Therapy Products v. Bissoon*,
    623 F.Supp. 2d 485 (S.D.N.Y. 2009) ........................................................................6, 7

*Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*,
    2013 U.S. Dist. LEXIS 33270 (S.D.N.Y. 2013) .......................................................2, 3

*Vigil v. Walt Disney Co.*,
    1995 U.S. Dist. LEXIS 15560 (N.D. Cal. 1995) ..........................................................8

*Warnervision Entertainment Inc. v. Empire of Carolina, Inc.*,
    101 F.3d 259 (2d Cir. 1996) .........................................................................................8

*Yamaha Int'l Corp. v. Hoshino Gakki Co.*,
    840 F.2d 1572 (Fed. Cir. 1988) ....................................................................................1

This Reply Memorandum of Law is respectfully submitted in support of the motion of Defendants Tracy Yun and Manhattan Enterprise Group LLC d/b/a Manhattan Elite Prep ("MEP") (collectively, "Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, seeking dismissal of the claims in the amended complaint of Plaintiffs Kaplan, Inc. and MG Prep, Inc. d/b/a Manhattan Prep (collectively, "Plaintiffs") for failure to state a claim upon which relief can be granted or, in the alternative, for summary judgment.[1]

## I. PLAINTIFFS HAVE FAILED TO ALLEGE A CLAIM OF TRADEMARK INFRINGEMENT AS TO "MANHATTAN PREP" OR "MANHATTAN GMAT"

### A. Plaintiffs Fail To Plead Sufficient Facts And Fail To Allege That MANHATTAN PREP Has Acquired Secondary Meaning As Of First Use Of Defendants' Mark

To state a claim under § 43(a) of the Lanham Trademark Act (and for common law trademark infringement), Plaintiffs must establish that the asserted mark is a protectable one, either because the mark is inherently distinctive, or because the mark has acquired distinctiveness – i.e. secondary meaning. Plaintiffs contend that they have pleaded distinctiveness, and that distinctiveness is a question of fact.[2] Even issues of fact, however, must be sufficiently pleaded to state a claim. A complaint must include enough factual matter "to state a claim that is plausible on its face." *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 570 (2007) ("factual allegations must be enough to

---

[1] Defendants firmly believe that this expensive and distracting litigation has been brought by Plaintiffs solely for anti-competitive reasons to bully a small competitor. It is undisputed that Plaintiffs' alleged use or intent to use of MANHATTAN PREP six months before MEP's use will not establish secondary meaning as a matter of law. If Plaintiffs cannot show secondary meaning as a matter of law, factual discovery will be unnecessary and a costly burden upon Defendants and the Court. Plaintiffs are attempting to leverage on the significant disparity in size of business between Plaintiffs and MEP to quash or damage MEP while it is still developing its business.

[2] Plaintiffs do not dispute that the phrase MANHATTAN PREP is a geographically descriptive term that must have acquired secondary meaning in order to be entitled to protection. Indeed, Plaintiffs cannot plead such facts. As Exhibit 2 to Plaintiffs' opposition papers shows, their pending application for MANHATAN PREP is one under § 2(f) of the Lanham Act. When an applicant seeks registration of a mark under § 2(f), the absence of inherent distinctiveness of the applied-for mark is statutorily established as a matter of fact. *See Yamaha Int'l Corp. v. Hoshino Gakki Co.*, 840 F.2d 1572, 1577 (Fed. Cir. 1988) ("Similarly, in cases where registration was initially sought on the basis of distinctiveness, subsequent reliance by the applicant on Section 2(f) assumes that the mark has been shown or conceded to be merely descriptive. . . . neither party bears any burden on inherent distinctiveness, as it is a nonissue under that subsection of the statute. The only remaining issue under Section 2(f) relating to the proposed mark itself is acquired distinctiveness."). Plaintiffs also do not dispute that MEP's commercial use of its own mark commenced in February 2012 and MEP's registration of its domain was in December 2011.

raise a right to relief above the speculative level"). *See* Defendants' MOL at pp. 5-6. Plaintiffs' failure to allege any facts that would support any of their conclusory allegations, prior to MEP's first use in commerce of MANHATTAN ELITE PREP in February 2012, is demonstrated by: (i) their inclusion of only general and conclusory statements about advertising/promotional expenditures and sales; (ii) their lack of allegations of advertising efforts and expenditures and sales made specifically for and from the use of the MANHATTAN PREP phrase; and (iii) their lack of sufficient allegations of any of the factors allowing secondary meaning to be acquired. *See* Defendants' MOL at p. 10. *See* Amended Complaint at ¶ 33-36, Docket No. 30. The amended complaint contains no allegations of fact regarding the actual "use", advertising, sales, or consumer surveys of the specific MANHATTAN PREP phrase before February 2012.

In order to assert a claim of infringement, Plaintiffs must set forth allegations sufficient to plead the existence of secondary meaning.[3] Plaintiffs set forth nothing but conclusory assertions by simply pointing to ¶¶ 33, 35-37 and 39 of the amended complaint and concluding that these allegations are all that is required to plead secondary meaning. However, Plaintiffs are mistaken. Nowhere does Plaintiffs' amended complaint plead that the asserted "MANHATTAN Marks" had acquired secondary meaning as of the date MEP adopted and commenced using MANHATTAN ELITE PREP – a date, as Plaintiffs acknowledge, "a mere six months" (Amended Complaint at ¶ 5) after their alleged "rebranding" to "MANHATTAN PREP". *See Urban Group Exercise Consultants, Ltd. v. Dick's Sporting Goods, Inc.*, 2013 U.S. Dist. LEXIS 33270 (S.D.N.Y. 2013)[4] (granting defendant's motion to dismiss as plaintiff failed to sufficiently allege secondary meaning for trade

---

[3] Plaintiffs' burden to plead and prove secondary meaning where the phrase at issue is geographically descriptive is a "heavy" one. *See GreenPoint Financial Corp. v. Sperry & Hutchinson Co.*, 116 F. Supp. 2d 405, 409 (S.D.N.Y. 2000).
[4] In *Urban Group Exercise Consultants*, just as here, plaintiff's allegations relating to advertising/promotional activity and sales success were irrelevant because plaintiff did not specifically allege, prior to the first use date of Defendant's mark: (1) how the advertisements or promotions were exclusively connected to alleged trade dress; and (2) how many of the millions of units sold actually were exclusively connected to alleged trade dress. *Id.* at *8-12.

2

dress infringement claim and plaintiff could not prevail as a matter of law); *City Merchandise, Inc. v. Kings Overseas Corp.*, 2001 U.S. Dist. LEXIS 3176 at *9 (S.D.N.Y. 2001) (granting motion to dismiss Lanham Act claim where there were no specific allegations of secondary meaning); *Bachellerie v. Z. Cavaricci, Inc.*, 762 F. Supp. 1070 (S.D.N.Y. 1991) (plaintiff must specifically allege that ads/broadcasts featuring the mark fell within period between plaintiff's first use of mark and defendant's first allegedly infringing use).

### B. Plaintiffs Have Failed to Allege Any Claims Relating To "Manhattan GMAT"

The **only** similarity between MANHATTAN ELITE PREP and "Manhattan GMAT" is the word "Manhattan." Plaintiffs simply cannot claim the exclusive right to use the geographic term "Manhattan" for services provided in Manhattan.[5] First, there are no allegations in the amended complaint that set forth how MANHATTAN ELITE PREP causes confusion with "Manhattan GMAT", and Plaintiffs do not contend that there are any such allegations in their opposition. Furthermore, Plaintiffs have simply added "Manhattan GMAT" to all of their claims relating to MANHATTAN PREP without altering any other factual allegations. *See* Amended Complaint, Docket No. 30.

In addition, Plaintiffs do not have standing to assert any claim based on the phrase "Manhattan GMAT" because Plaintiffs are neither the owners nor licensees of "Manhattan GMAT".[6] Plaintiffs request that the Court not consider the October 22, 2004 letter from the Graduate

---

[5] To the extent that Plaintiffs' claims relating to "Manhattan GMAT' are based on or connected with the acts alleged by Plaintiffs to have occurred in 2005, such claims were resolved by a prior settlement agreement between the parties. *See* 2006 Settlement Agreement, Exhibit K to Amended Complaint and ¶¶ 59 – 62, Docket No. 30. In fact, that agreement expressly states there are no admissions of liability or wrongdoing, involved a payment of money only to defendant in that action, and expressly permitted such defendant to use gmatmanhattan.com.

[6] In their opposition, Plaintiffs admit that they do not own any "Manhattan GMAT" mark. Instead, they state that, based on the October 22, 2004 letter, "Plaintiffs are licensees of the MANHATTAN GMAT Mark." Plaintiffs' MOL at p. 16. Not only do Plaintiffs fail to allege that they are the licensees of "Manhattan GMAT" in their amended complaint, but it is simply not true – the October 22, 2004 letter is not a license agreement and Plaintiffs have not been given a license to use "Manhattan GMAT". In fact, the October 22, 2004 letter clearly provides that Plaintiffs "agree[] ***not*** to use the 'GMAT' mark in any company name for itself or any affiliate in the future." Defendants' Ex. H (emphasis added).

3

Management Admission Council ("GMAC") to Plaintiffs in connection with Defendants' motion to dismiss. *See* Defendants' Ex. H. Instead, the Court can and should consider the October 22, 2004 letter as an exhibit to Defendants' motion to dismiss. Plaintiffs would have needed to rely upon the October 22, 2004 letter in preparing their amended complaint and Plaintiffs are undeniably in possession of and/or had knowledge of the letter.[7] As stated in Plaintiffs' own decisional authority, reliance along with either possession or knowledge by Plaintiffs is sufficient to permit the Court to consider a document on a motion to dismiss.[8] *See Cowan v. Ernest Codelia, P.C.*, 149 F. Supp. 2d 67, 70 (S.D.N.Y. 2001) ("[T]he Court can consider . . . documents that are in the plaintiffs' possession or that the plaintiffs knew of and relied on in bringing suit."); *Brass v. American Film Technologies*, 987 F.2d 142, 150 (2d Cir. 1993) (same). Thus, all of Plaintiffs' claims for "Manhattan GMAT" fail.

### C. Plaintiffs Have Failed To Allege That MANHATTAN PREP Was Used In Commerce Prior To MEP's Use Of MANHATTAN ELITE PREP In Commerce

Other than in conclusory statements, Plaintiffs do not allege that, starting in July 2011 or at any time before Defendants' undisputed use in commerce of MANHATTAN ELITE PREP by the latest February 2012, that: (i) they ever used MANHATTAN PREP in commerce; (ii) there was any meaningful revenue specifically generated using MANHATTAN PREP; (iii) they were offering their courses and materials under the phrase MANHATTAN PREP; and (iv) they made an announcement of such an alleged rebranding to MANHATTAN PREP in a public manner, such as issuing a press

---

[7] Plaintiffs are in possession of the October 22, 2004 letter, as they contend that the letter serves as an agreement licensing "Manhattan GMAT" to Plaintiffs. Knowledge of the letter by employees of Plaintiffs would be imputed to Plaintiffs. *See Ansong v. City of New York*, 308 A.D.2d 333, 333, 764 N.Y.S.2d 182, 182 (1st Dep't 2003) (the City of New York's claimed lack of knowledge is completely refuted by its officers' knowledge of the events).
[8] In their opposition, Plaintiffs alleged that their rights to use "Manhattan GMAT" originated from the October 22, 2004 letter. *See* Plaintiffs' MOL at p. 15 ("Based on the terms of the 2004 Letter, GMAC expressly licenses the MANHATTAN GMAT mark to Plaintiffs."). Therefore, although the letter provides otherwise, Plaintiffs relied upon the October 22, 2004 letter to allege in the amended complaint that they had "ownership" and the "right to use" the "Manhattan GMAT" mark. *See* Amended Complaint at ¶ 32, Docket No. 30.

4

release. Amended Complaint at ¶¶ 4, 36. More importantly, Plaintiffs admit that MANHATTAN PREP was a new phrase for them and that they had not previously used it in commerce.[9] Thus, Plaintiffs allege that even after adopting their MANHATTAN PREP phrase as their "umbrella brand", their goods and services relating to their main business were still only offered under their "Manhattan GMAT" mark. In order to have a valid mark, it is not enough for MANHATTAN PREP to be a provider of services, but it must also have used MANHATTAN PREP to identify the named services for which registration is sought. *See Rockland Exposition, Inc. v. Alliance of Automotive Service Providers of New Jersey*, 894 F. Supp. 2d 288, 304-05 (S.D.N.Y. 2012). It is plain that Plaintiffs' conclusory allegations do not demonstrate bonafide trademark use in commerce for purposes of asserting a proper claim for trademark infringement. *See* Defendants' MOL at pp. 15-17.

## II. BASED ON PLAINTIFFS' ALLEGATIONS IN THEIR AMENDED COMPLAINT, PLAINTIFFS' MARK IS NOT PROTECTABLE AND THEIR TRADEMARK CLAIMS FAIL AS A MATTER OF LAW

Defendants are **not** asserting that the evaluation of the factors to determine whether a mark has acquired secondary meaning is a question of law. Instead, as a matter of law, Plaintiffs cannot state a claim for trademark infringement upon which relief can be granted, based on their own allegations of claimed use commencing in July of 2011. Such alleged facts simply do not sufficiently plead the existence of secondary meaning in MANHATTAN PREP by February 2012. Thus, Plaintiffs' claims for trademark infringement fail as a matter of law. Plaintiffs' mantra of "question of fact" is irrelevant to the question raised in Defendants' motion. For the sake of this motion, there is no question of fact – Plaintiffs plead that they first changed their umbrella brand to the phrase MANHATTAN PREP in July 2011. *See* Amended Complaint at ¶ 4, Docket No. 30. It is a mere 6 months prior to MEP's use of their mark in commerce and a mere 5 months prior to MEP's

---

[9] "In July, 2011, with its business and lines of business expanding, Plaintiffs adopted the umbrella brand MANHATTAN PREP, as its central brand identity, *while continuing to offer its GMAT course and materials under its MANHATTAN GMAT mark.*" Amended Complaint at ¶ 68, Docket No. 30 (emphasis added).

5

registration of its domain name manhattaneliteprep.com. This period of time is too short as a matter of law to acquire secondary meaning in order to have a protectable geographically descriptive mark. *See* Defendants' MOL at pp. 7-9.[10]

In their opposition, Plaintiffs' sole argument against the application of Defendants' decisional authority is that the cases cited by Defendants involved motions for summary judgment or judgment notwithstanding the verdict that made findings as a matter of law. Moreover, Plaintiffs do not address the substance or holdings of any of Defendants' cases that find lack of secondary meaning as a matter of law. Crucially, Plaintiffs do not cite any case that has found secondary meaning existed where the period of prior use was less than 1 year. Whether the courts' findings were the result of a motion to dismiss or a motion for summary judgment does not change the fact that each of these courts found the trademark claims failed for lack of secondary meaning *as a matter of law*. Courts are, of course, permitted to make findings as a matter of law on a motion to dismiss pursuant to rule 12 (b)(6). *See Peter F. Gaito Architecture, LLC v. Simone Development Corp.*, 602 F.3d 57, 65 (2d Cir. 2010) ("[W]e see no error in the district court's decision to resolve the question of substantial similarity [on copyright infringement claim] as a matter of law on a Rule 12(b)(6) motion to dismiss."). Further, a motion for summary judgment can be made at any time and can be made solely on the pleadings. *See Schwartz v. Compagnie General Transatlantique*, 405 F.2d 270, 273 (2d Cir. 1968) ("A motion

---

[10] *See Saratoga Vichy Spring Co. v. Lehman*, 625 F.2d 1037, 1043 (2d Cir. 1980) (Saratoga's claim of secondary meaning is insufficient as a matter of law); *Black & Decker Corp. v. Dunsford*, 944 F.Supp. 220, 227-228 (S.D.N.Y. 1996) (3 years and 5 years of prior use is insufficient as a matter of law for secondary meaning); *Fraga v. Smithaven MRI*, 1996 U.S. Dist. LEXIS 22016 at *5 (E.D.N.Y. 1996), *aff'd*, 1997 U.S. App. LEXIS 22455 (2d Cir. 1997) (no matter how intense Plaintiff's efforts were, there was insufficient time for Plaintiff to link herself to the term OPEN MRI in the public's eyes prior to the commencement of defendants' use. "As such the Court finds *as a matter of law* that Plaintiff cannot establish secondary meaning...."); *Jewish Sephardic Yellow Pages v. Dag Media Inc.*, 478 F.Supp. 2d 340 (E.D.N.Y. 2007) (4 years prior use is insufficient as a matter of law); *Ideal World Marketing v. Duracell*, 15 F. Supp. 2d 239, 246 (E.D.N.Y. 1998), *aff'd*, 182 F.3d 900 (2d Cir. 1999) (3 years prior use insufficient as a matter of law for secondary meaning); *Cicena Ltd. v. Columbia Telecommunications Group*, 900 F.2d 1546, 1551 (Fed. Cir. 1990) (18 months of use insufficient); *Ralston Purina Co. v. Thomas J. Lipton, Inc.*, 341 F. Supp. 129, 134 (S.D.N.Y. 1972) (1 year of use insufficient). *See also Morgans Group LLC v. John Doe Co.*, 2012 U.S. Dist. Lexis 46525 at * 27 (S.D.N.Y. 2012) (lack of secondary meaning found as a matter of law); *Therapy Products v. Bissoon*, 623 F.Supp.2d 485 (S.D.N.Y. 2009), *aff'd*, 410 Fed. Appx. 416 (2d Cir. 2011) (no secondary meaning as a matter of law).

for summary judgment may be made solely on the pleadings, when it is so made it is functionally the same as a motion to dismiss or a motion for judgment on the pleadings."). Because Plaintiffs have failed to state a trademark infringement claim under § 43a, their remaining claims under that statutory provision, as well as their New York trademark infringement, dilution, and unfair competition claims also must fail, as a matter of law.

### III. PLAINTIFFS SIGNED A SWORN DECLARATION IN THEIR MAY 4, 2012 INTENT-TO-USE APPLICATION AND HAVE NOT PLEADED ANY FACTS OF ANY BONAFIDE DELIBERATE, NOTORIOUS, CONTINUOUS USE OF MANHATTAN PREP IN COMMERCE PRIOR TO MAY 4, 2012

Plaintiffs admitted in their PTO application that they had not yet begun using their mark in commerce at the time of their application. *See* Defendants' MOL at p. 3; Defendants' Ex. A. Plaintiffs' referencing of the PTO's Trademark Manual of Examining Procedure does not change the signed sworn declaration from their Assistant General Counsel within their intent-to-use application.[11] Plaintiffs only attempt to now alter such statements in order to proceed with this litigation. Obviously, when they filed their trademark application in May 2012, Plaintiffs would have been aware of: (i) the alleged first use of their own mark, approximately 10 months earlier, in July 2011; and (ii) the actual first use in commerce of MEP's mark in February 2012, about 3 months earlier. Plaintiffs also have not provided any evidence to the PTO or in the amended complaint to prove: (i) their alleged July 2011 first use; (ii) their alleged trademark use prior to May 4, 2012 other than any token use; and (iii) any of their course books, materials or courses with the MANHATTAN PREP phrase as a trademark prior to May 4, 2012. In truth, based on Plaintiffs' admissions to the

---

[11] The recent statement by the United States Patent and Trademark Office ("PTO") that MANHATTAN PREP has been "approved for publication" is irrelevant to the Court's determination of Defendants' motion to dismiss. *See also Therapy Prods., Inc. v. Bissoon*, 623 F. Supp. 2d 485, 495 (S.D.N.Y. 2009) (the PTO's approval for publication is only a preliminary determination and should not be accorded weight with respect to whether there is secondary meaning). The PTO simply accepted the Plaintiffs' Amendment to Allege Use as true without verifying any of the information. The PTO has **not** examined or ruled that the phrase MANHATTAN PREP has acquired secondary meaning and it has **not** examined or ruled that it acquired secondary meaning as of the date MEP adopted and began use of MANHATTAN ELITE PREP. In fact, on October 14, MEP filed a letter of protest with PTO stating clear errors.

PTO, the best first use date in commerce that Plaintiffs could obtain would be the date of their application, May 4, 2012.[12] *See* Defendants' MOL at pp. 15-19. MEP's first use in commerce of its mark was 3 months earlier than Plaintiffs' first use of its phrase in commerce. Accordingly, Plaintiffs cannot assert a trademark infringement claim here.

## IV. PLAINTIFFS HAVE NOT ALLEGED A HARM TO THE PUBLIC INTEREST IN SUPPORT OF THEIR DECEPTIVE ACTS AND PRACTICES CLAIM

Despite Plaintiffs' phrasing of its damages as "instances of specific injury to prospective students", all that Plaintiffs have alleged for their deceptive acts and practices claim is consumer confusion. It is well settled under New York law the consumer confusion does not create a cause of action of deceptive acts and practices. *See* Defendants' MOL at p. 23. Instead, the focus must be consumer injury or harm to the public interest. Plaintiffs allege that one-on-one interactions during telephone calls made by students to representatives of MEP caused confusion. Such alleged confusion does not constitute harm to the public interest.[13] Plaintiffs' claim of deceptive acts and practices under New York General Business Law § 349 fails.

## V. PLAINTIFFS' FALSE ADVERTISING CLAIM IS NOT PROPERLY ALLEGED

Plaintiffs assert their claim for false advertising based on purported isolated, one-on-one interactions during telephone calls made by students to representatives of MEP. Isolated, one-on-one

---

[12] "The ITU provisions permit the holder of an ITU application to use the mark in commerce, obtain registration, and thereby *secure priority retroactive to the date of filing of the ITU application*." *Warnervision Entertainment Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 262 (2d Cir. 1996) (emphasis added). *See also Aktieselskabet v. Fame Jeans Inc.*, 525 F.3d 8, 18 (D.C.C. 2008) ("[A]n intent-to-use applicant prevails over any opposer who began using a similar mark after the intent-to-use filing date."); *Lucent Information Mgmt, Inc. v. Lucent Technologies, Inc.*, 186 F.3d 311, 315 (3d Cir. 1999) (finding that defendant's filing of its intent-to-use application gave it priority over anyone using the mark after the date of the application); *Vigil v. Walt Disney Co.*, 1995 U.S. Dist. LEXIS 15560 at *8 (N.D. Cal. 1995) ("[T]rademark applications may be based on the applicant's intent to use the mark in commerce. In such a case, trademark protection extends back to the date the intent-to-use application was filed...").

[13] "Competitors may bring a deceptive acts and practices claim only when it is premised on a harm to the public at large, which is generally based on 'potential danger to the public health or safety.'" *Greenlight Capital, Inc. v. GreenLight (Switz.) S.A.*, 2005 U.S. Dist. LEXIS 2 at *23 (S.D.N.Y. 2005) (Plaintiff "has not adequately pled its deceptive acts and practices claim, as the only public harm it has alleged is confusion or likelihood of confusion on the part of investors, brokers, and others in the financial services industry . . . ."). In addition, Plaintiffs have not sufficiently alleged that the MEP's representatives created alleged confusion on the telephone. Moreover, all of those alleged instances cited by Plaintiffs occurred after May 2012.

8

interactions do not constitute misrepresentations "disseminated sufficiently to the relevant purchasing public to constitute advertising or promotion." *Prof'l Sound Servs. v. Guzzi*, 2003 U.S. Dist. LEXIS 15820 at *5 (S.D.N.Y. 2003) (not dismissing false advertising claim only because plaintiff alleged that defendant's statement was made to "virtually all" of plaintiff's customers). "[P]roof of isolated disparaging statements is insufficient to state a Lanham Act claim." *Chamilia, LLC v. Pandora Jewelry, LLC*, 2007 U.S. Dist. LEXIS 71246 at *22 (S.D.N.Y. 2007) (small number of allegedly disparaging statements made by defendant's representatives at trade shows do not constitute either advertising or promotion under the Lanham Act). *See also Fashion Boutique of Short Hills, Inc. v. Fendi USA, Inc.*, 314 F.3d 48, 58 (2d Cir. 2002) (finding twenty-seven oral statements by defendant regarding plaintiff's products in a marketplace of thousands of customers was insufficient to satisfy the requirement that representations be disseminated widely in order to constitute "commercial advertising or promotion" under the Lanham Act). Here, Plaintiffs clearly have failed to sufficiently allege that Defendants made any false statements to the purchasing public that would constitute advertising or promotion. Plaintiffs' assertions that Defendants' employees confused students who had called MEP are, at best, isolated instances and do not constitute advertising or promotion to the purchasing public. Plaintiffs are **not** alleging that Defendants actively contacted Plaintiffs' students and/or prospective students to solicit business. Moreover, most of their so-called instances of student confusion do not even involve Defendants' representatives. *See* Amended Complaint at ¶¶ 44 – 55, Docket No. 30. Plaintiffs' claim of false advertising fails.

VI.   **PLAINTIFFS DO NOT PROPERLY ASSERT A CYBERSQUATTING CLAIM**

Plaintiffs set forth conclusory allegations that MEP registered its domain name with a bad faith intent to profit. *Id.* at ¶¶ 115, 116. Such allegations are insufficient to defeat Defendants' motion to dismiss Plaintiffs' cybersquatting claim. *See* Defendants' MOL at pp. 20-21. As discussed above in Point II, Plaintiffs' contention that MANHATTAN PREP had acquired secondary meaning,

9

only 5 months later, after the time that MEP's domain name was registered, is incorrect as a matter of law.[14] Plaintiffs' cybersquatting claim should be dismissed.

## VII. PLAINTIFFS' UNJUST ENRICHMENT CLAIM SHOULD BE DISMISSED

Plaintiffs have failed to allege that Plaintiffs conveyed a benefit onto Defendants in order to assert a claim for unjust enrichment. Plaintiffs do not explain, nor can they explain, how Defendants' representatives answering of telephone calls equate to Plaintiffs conferring a direct benefit onto Defendants. Accordingly, Plaintiffs' unjust enrichment claim should be dismissed.

## CONCLUSION

Defendants respectfully request that the Court grant: (i) dismissal of all of the claims in Plaintiffs' amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure; (ii) in the alternative, summary judgment against Plaintiffs, pursuant to Rules 12(d) and 56; and (iii) such other and further relief as this Court deems just and proper.

Dated: Uniondale, New York
October 28, 2013

Respectfully submitted,
RIVKIN RADLER LLP

/s/ *Celeste M. Butera*
Celeste M. Butera (CMB-5659)
Jason B. Gurdus (JG-3293)
926 RXR Plaza
Uniondale, New York 11556-0926
(516) 357-3000

Attorneys for Defendants
TRACY YUN and MANHATTAN ENTERPRISE
GROUP LLC d/b/a MANHATTAN ELITE PREP

2867258v1

---

[14] Plaintiffs also ignore the decisional authority from the Southern District of New York that provides that plaintiff must be the owner of a famous mark in order to assert a cybersquatting claim. *See* Defendants' MOL at pp. 20-21.