UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

|  |  |
|---|---|
| KAPLAN, INC. and MG PREP, INC. d/b/a MANHATTAN PREP and MANHATTAN GMAT, | |
| Plaintiffs, | No. 13-cv-1147-JGK-HP |
| v. | **ECF CASE** |
| TRACY YUN and MANHATTAN ENTERPRISE GROUP LLC d/b/a MANHATTAN ELITE PREP, | |
| Defendants. | |
| AND RELATED COUNTERCLAIMS | |

# PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

Howard J. Shire (HS 8892)
KENYON & KENYON LLP
One Broadway
New York, New York I 0004
Telephone:  (212) 425-7200
Facsimile:   (212) 425-5288

Mimi K. Rupp (MR 0007)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
Telephone:  (650) 384-4700
Facsimile:   (650) 384-4701

*Attorneys for Plaintiffs
Kaplan, Inc. and MG Prep, Inc.
d/b/a Manhattan Prep
and Manhattan GMAT*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ............................................................................................... 1

RELEVANT FACTS ............................................................................................................. 2

ARGUMENT ......................................................................................................................... 3

    I.    The Answer Does Not Adequately Allege Fraud on the United States Patent and Trademark Office .................................................................................................. 4

    II.    The Lanham Act Does Not Empower the Court to Deny Trademark Applications ........ 5

    III.    The Answer Does Not Adequately Allege Claims for Libel or Product Disparagement ......................................................................................................... 6

    IV.    The Answer Does Not Adequately Allege a Claim for Tortious Inference with Prospective Business Advantage .......................................................................... 10

CONCLUSION .................................................................................................................... 11

# TABLE OF AUTHORITIES

**Cases**

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ............................................................................................................. 3, 4

*Bauil v. NBCUniversal Media, LLC*,
    13-CV-2205 (KBF), 2014 WL 1651943, at *17 (S.D.N.Y. 2014) ............................................. 7

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007) ............................................................................................................ 3, 10

*BFI Group Divino Corp. v. JSC Russian Aluminum*,
    481 F. Supp. 2d 274 (S.D.N.Y. 2007) ..................................................................................... 10

*Carson Optical, Inc. v. Prym Consumer USA, Inc.*,
    No. 11-CV-3677 (ARL), 2014 WL 1315255, at *12 (E.D.N.Y. Mar. 28, 2014) ..................... 10

*Celle v. Filipino Reporter Enters. Inc.*,
    209 F.3d 163 (2d Cir. 2000) ..................................................................................................... 6

*Cerveceria India Inc. v. Cerveceria Centroamericana, S.A.*,
    10 U.S.P.Q.2d 1064 (T.T.A.B.), *aff'd*, 892 F.2d 1021 (Fed. Cir. 1989) .................................. 5

*County Vanlines Inc. v. Experian Info. Solutions, Inc.*,
    317 F. Supp. 2d 383 (S.D.N.Y. 2004) ....................................................................................... 9

*Della Penna v. Toyota Motor Sales, U.S.A., Inc.*,
    11 Cal. 4th 376 (1995) ............................................................................................................ 10

*Empire State Bldg. Assocs. v. Trump*,
    247 A.D.2d 214 (N.Y. App. Div. 1998) ................................................................................... 11

*Farby v. Meridian VAT Reclaim, Inc.*,
    99-CV-5149 (NRB), 2000 WL 1515182, at *4 (S.D.N.Y. Oct. 11, 2000) ................................ 9

*Gallop v. Cheney*,
    642 F.3d 364 (2d Cir. 2011) ..................................................................................................... 3

*GMA Accessories, Inc. v. Idea Nuova, Inc.*,
    157 F. Supp. 2d 234 (S.D.N.Y. 2000) ....................................................................................... 5

*Grasso v. Mathew*,
    164 A.D.2d 476 N.Y.S.2d 576 (N.Y. App. Div. 1991) ............................................................ 7

*Gucci Am., Inc. v. Duty Free Apparel, Ltd.*,
   277 F.Supp.2d 269 (S.D.N.Y. 2003) ............................................................................... 9

*Leon v. Murphy*,
   988 F.2d 303 (2d Cir. 1993) ............................................................................................ 3

*Maids to Order of Ohio, Inc. v. Maid-To-Order, Inc.*,
   78 U.S.P.Q.2d 1899 (T.T.A.B. 2006) .............................................................................. 4

*Navarra v. Marlborough Gallery, Inc.*,
   820 F. Supp. 2d 477 (S.D.N.Y. 2011) .............................................................................. 9

*Orient Exp. Trading Co., Ltd. v. Federated Dep't Stores. Inc.*,
   842 F.2d 650 (2d Cir. 1988) ............................................................................................ 4

*Pearson Educ., Inc. v. Ishayev*,
   963 F. Supp. 2d 239 (S.D.N.Y. 2013) ..................................................................... 6, 7, 8

*Rodime PLC v. Seagate Technology, Inc.*,
   174 F.3d 1294 (Fed. Cir. 1999) ..................................................................................... 11

*Sullivan v. Am. Airlines, Inc.*,
   613 F. Supp. 226 (S.D.N.Y. 1985) ................................................................................ 10

*Tuccillo v. Geisha NYC, LLC*,
   635 F. Supp. 2d 227 (E.D.N.Y. 2009) ............................................................................. 4

*Whitney Info. Network, Inc. v. Gagnon*,
   353 F. Supp. 2d 1208 (M.D. Fla. 2005) .......................................................................... 5

**Statutes**

15 U.S.C. § 1119 ....................................................................................................................... 5

15 U.S.C. §§ 1064 and 1119 ..................................................................................................... 5

Rule 12(b)(6) of the Federal Rules of Civil Procedure ..................................................... 1, 3, 9

Section 37 of the Lanham Act .................................................................................................. 5

Plaintiffs Kaplan, Inc. and MG Prep, Inc. d/b/a Manhattan Prep and Manhattan GMAT (collectively, "Manhattan Prep" or "Plaintiffs"), by their attorneys, respectfully submit this Memorandum of Law in Support of their motion to dismiss Defendants Tracy Yun and Manhattan Enterprise Group d/b/a Manhattan Elite Prep's (collectively, "Defendants" or "MEP") first, third, fourth, fifth and sixth counterclaims under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## PRELIMINARY STATEMENT

Defendants' counterclaims for fraud on the United States Patent and Trademark Office (First Counterclaim), Declaratory Judgment on the pending MANHATTAN PREP application (Third Counterclaim), Defamation (Fourth Counterclaim), Trade Libel (Fifth Counterclaim), and Tortious Interference with Prospective Business Advantage (Sixth Counterclaim) should be dismissed for failure to state a claim upon which relief can be granted. These counterclaims consist entirely of speculation and legal conclusions. The last three counterclaims – which are based on an alleged conspiracy between Plaintiffs and "someone influenced or paid by Plaintiffs" to publish court documents on Slideshare and Scribd.com – fail to plead facts supporting a cause of action under any alleged theory.

Defendants' failure to allege essential facts supporting these counterclaims highlights their true motives. Defendants seek to distract the Court from Plaintiffs' clear-cut trademark infringement and false advertising case against it, and to impose costs and otherwise harass and burden Plaintiffs with unsupportable allegations and related discovery. Setting aside whether this tactic abuses the legal process, the proper remedy is to dismiss these deficient counterclaims,

and allow the parties and Court to focus on the actual issues in dispute. For these reasons, and those discussed more fully below, these counterclaims should be dismissed.

**RELEVANT FACTS**

On May 2, 2014, Defendants filed its Answer asserting six counterclaims[1] against Plaintiffs. While the Answer purports to state claims for fraud, defamation, trade libel, and tortious interference with prospective economic advantage, Defendants fail to articulate any supporting facts for their "threadbare" legal conclusions and pure speculation. Instead of alleging facts, Defendants provide the following conclusory statements:

- "On information and belief, Plaintiffs' allegation of use of the Manhattan Prep designation in commerce as of July 2011 was false and Plaintiffs knew such claim of use in commerce from that date to be false." (Answer at p. 26, ¶ 228)

- A number of online statement and documents have been made [sic] regarding Manhattan Elite Prep's products and services that amount to defamation and/or product disparagement. In addition, Plaintiffs or someone influenced or paid by Plaintiffs, have done negative Search Engine Optimization ("SEO") campaigns on the Internet to hurt Manhattan Elite Prep's search engine ranking. (Answer at p. 42, ¶ 305).

- Plaintiffs or someone influenced or paid by Plaintiffs, uploaded a series of documents [publically available court filings] that, taken together, portray an inaccurate and negative depiction of Defendants. (*Id.*)

- To further their aim of ensuring access to these denigrating documents, Plaintiffs or someone influenced by or paid by Plaintiffs, used popular document sharing sites such as Slideshare … and Scribd …, and signed up for accounts such as manhattaneliteprep and NYLegalDocs, to confuse visitors as to the source of these documents. (Answer at p. 42, ¶ 307).

- On or about January 26, 2014, Plaintiffs or someone influenced or paid by Plaintiffs, as an impostor created an account of "Manhattan Elite Prep" at

---

[1] Defendants repeat arguments that were denied as premature or legally flawed by this Court last month, only this time in the form of their Second Counterclaim.

2

www.slideshare.com. Plaintiffs or someone influenced or paid by Plaintiffs, used the account to republish the allegations in the First Amended Complaint about Yun by publishing the First Amended Complaint (dated September 13, 2013) and made the file freely downloadable. (*Id.*, at p. 43, ¶ 310).

## ARGUMENT

Dismissal is appropriate under Federal Rule of Civil Procedure 12(b)(6) where the pleading's factual allegations, together with all reasonable inferences, fail to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("only a complaint that states a plausible claim for relief survives a motion to dismiss"). As the Supreme Court has explained, to survive dismissal, a claim must provide fair notice of a legally cognizable "claim [] and the grounds on which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). If the complaint does not contain factual matter sufficient to "state a claim to relief that is plausible on its face," it must be dismissed. *Ashcroft*, 556 U.S. at 678.

For the purposes of a 12(b)(6) motion, while the Court should assume the truth of all factual allegations in the complaint, conclusory allegations of law and unwarranted inferences must be disregarded. *Bell Atl.*, 550 U.S. at 555. Similarly, when evaluating a complaint under Fed. R. Civ. P. 12(b)(6), the Court is not bound to accept as true legal conclusions couched as factual allegations. *Id.* "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true. *Ashcroft*, 556 U.S. at 678; *Gallop v. Cheney*, 642 F.3d 364, 369 (2d Cir. 2011) (holding claims containing only "'conclusory, vague, or general allegations'" cannot withstand a motion to dismiss") (citing *Leon v. Murphy*, 988 F.2d 303, 311 (2d Cir. 1993)).

It simply is not enough to allege facts that merely raise the "sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678. Instead, to survive dismissal, the claimant must plead claims that raise a right to relief "above the speculative level." *Bell Atl.*, 550 U.S. at 555).

Allegations that "do not permit the court to infer more than the mere *possibility* of misconduct" are insufficient. *Ashcroft*, 556 U.S. at 679 (emphasis added).

### I. The Answer Does Not Adequately Allege Fraud on the United States Patent and Trademark Office

Defendants allege that "Plaintiffs attempted to fraudulently procure a trademark registration . . . for the mark 'Manhattan Prep.'" (Answer at p. 51, ¶ 342). To support this claim, Defendants merely allege the conclusion, with literally zero supporting facts, that "[o]n information and belief, Plaintiffs' allegation of use of the Manhattan Prep designation in commerce as of July 2011 was false and Plaintiffs knew such claim of use in commerce from that date to be false." (*Id.*, at p. 26, ¶ 228).

Fraud in obtaining a trademark registration only occurs when an applicant knowingly makes a false, material misrepresentation of fact in connection with its application. *See Maids to Order of Ohio, Inc. v. Maid-To-Order, Inc.*, 78 U.S.P.Q.2d 1899, 1905 (T.T.A.B. 2006); *see also Tuccillo v. Geisha NYC, LLC*, 635 F. Supp. 2d 227, 241 (E.D.N.Y. 2009) (stating that "[t]o prevail on a cause of action for trademark cancellation on grounds of fraud on the [USPTO], it is necessary for the petitioner to demonstrate that the statements (1) were made with knowledge of their falsity, and (2) were material to the determination to grant the application"). Although subjective intent to deceive can be inferred from indirect and circumstantial evidence, a party may rely on good faith as a defense: The claimant must allege facts sufficient to assert a "deliberate attempt to mislead the [USPTO]." *Orient Exp. Trading Co., Ltd. v. Federated Dep't Stores. Inc.*, 842 F.2d 650, 653 (2d Cir. 1988) (internal quotations omitted). Indeed, fraud on the USPTO "implies some intentional deceitful practice or act designed to obtain something." *Maids to Order of Ohio, Inc. v. Maid-to-Order, Inc.*, 78 U.S.P.Q.2d at 1905 (citing *Cerveceria*

*India Inc. v. Cerveceria Centroamericana, S.A.*, 10 U.S.P.Q.2d 1064, 1065 (T.T.A.B.), *aff'd*, 892 F.2d 1021 (Fed. Cir. 1989)). Because Defendants have pled no facts supporting the alleged fraud on the USPTO claim, this claim should be dismissed.

## II. The Lanham Act Does Not Empower the Court to Deny Trademark Applications

Defendants improperly request that this Court deny Plaintiffs' pending application for MANHATTAN PREP.

Under Section 37 of the Lanham Act, a court "[i]n any action involving a registered mark [ ] may determine the right to registration, order the cancelation of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action." 15 U.S.C. § 1119. The Court's power, as the plain language of the statute provides, is limited to a "registered mark"; its powers do not extend to a pending trademark application. *GMA Accessories, Inc. v. Idea Nuova, Inc.,* 157 F. Supp. 2d 234, 241 (S.D.N.Y. 2000) (internal citations omitted); *see also Whitney Info. Network, Inc. v. Gagnon*, 353 F. Supp. 2d 1208, 1211 (M.D. Fla. 2005) ("The Court concludes that in order to state a claim under [15 U.S.C. §§ 1064 and 1119], one of the parties must hold a registered trademark with the USPTO; the existence of a pending application is not sufficient.") Therefore, this Court cannot deny Plaintiffs' pending trademark application. *See GMA Accessories,* 157 F. Supp. 2d at 241 ("[Defendant] cites no authority for the proposition that § 37 permits a district court to cancel a pending trademark application. Accordingly, [Defendant's] § 37 claim to "cancel" GMA's as yet unregistered trademark, "Room in a Box," is dismissed."). Defendants have, therefore, failed to state a claim for which relief can be granted as a matter of law, and such claim should be dismissed.

### III. The Answer Does Not Adequately Allege Claims for Libel or Product Disparagement

Defendants allege that:

- A number of online statement and documents have been made [sic] regarding Manhattan Elite Prep's products and services that amount to defamation and/or product disparagement. In addition, Plaintiffs or someone influenced or paid by Plaintiffs, have done negative Search Engine Optimization ("SEO") campaigns on the Internet to hurt Manhattan Elite Prep's search engine ranking. (Answer at p. 42, ¶ 305).

- Plaintiffs or someone influenced or paid by Plaintiffs, uploaded a series of documents that, taken together, portray an inaccurate and negative depiction of Defendants. (*Id.*)

- To further their aim of ensuring access to these denigrating documents, Plaintiffs or someone influenced by or paid by Plaintiffs, used popular document sharing sites such as Slideshare … and Scribd …, and signed up for accounts such as manhattaneliteprep and NYLegalDocs, to confuse visitors as to the source of these documents. (Answer at p. 42, ¶ 307).

- On or about January 26, 2014, Plaintiffs or someone influenced or paid by Plaintiffs, as an impostor created an account of "Manhattan Elite Prep" at www.slideshare.com. Plaintiffs or someone influenced or paid by Plaintiffs, used the account to republish the allegations in the First Amended Complaint about Yun by publishing the First Amended Complaint (dated September 13, 2013) and made the file freely downloadable. (*Id.*, at p. 43, ¶ 310).

To the extent that Plaintiffs understand these unsupported accusations, Plaintiffs will treat this blunderbuss defamation claim as a claim for libel. *Pearson Educ., Inc. v. Ishayev*, 963 F. Supp. 2d 239, 254 (S.D.N.Y. 2013) (quoting *Celle v. Filipino Reporter Enters. Inc.*, 209 F.3d 163, 176 (2d Cir. 2000) ("The Court construes this as a claim of libel, because "[l]ibel is a method of defamation expressed in writing or print.").

To succeed on a claim for libel, a party must plead five elements:

(1) a written defamatory statement of fact concerning the [libeled party];

(2) publication to a third party;

(3) fault (either negligence or actual malice depending on the status of the libeled party);

(4) falsity of the defamatory statement; and

(5) special damages or *per se* actionability (defamatory on its face).

*Pearson Educ.*, 963 F. Supp 2d at 254.

The only statement Defendants allege is libelous is Plaintiffs' amended complaint. However, a complaint, pled in good faith, cannot be the basis for a claim of libel. *Grasso v. Mathew*, 164 A.D.2d 476, 479, 564 N.Y.S.2d 576 (N.Y. App. Div. 1991). "The absolute privilege embraces anything that may possibly or plausibly be relevant or pertinent, with the barest rationality, divorced from any palpable or pragmatic degree of probability." *Bauil v. NBCUniversal Media*, LLC, 13-CV-2205 (KBF), 2014 WL 1651943, at *17 (S.D.N.Y. 2014) (quoting *Grasso* 164 A.D.2d 476.. This privilege extends beyond statements made in pleadings or during court proceedings, and also includes, for example, statements "by an attorney in a magazine article quoting from and restating the allegations of the complaint." *Bauil*, 2014 WL 1651943, at *17 (internal citations omitted) (ruling on summary judgment that defendant's characterization of plaintiff's trademark infringement action as "weird" was protected as privileged).

This court's decision in *Pearson Educ., Inc. v. Ishayev* is particularly instructive. In *Pearson*, Ishayev filed a counterclaim against Pearson Education, Inc. alleging that its copyright

infringement claim "cast 'aspersions on the Defendant's, character and reputation . . . as a result of the unsubstantiated allegations, which are public records.'" *Pearson Educ.*, 963 F. Supp. 2d at 254. This court dismissed defendant's counterclaim because "statements by parties and their attorneys are absolutely privileged if, by any view or under any circumstances, they are pertinent to the litigation." *Id*. Similarly, the mere fact that Plaintiffs' amended complaint accurately quotes consumer complaints and publically filed documents do not sufficiently support a claim for defamation.

Moreover, Defendants fail to provide adequate support for their accusation that it was either Plaintiffs or someone under Plaintiffs' direction who posted the publically available pleadings online. Instead, Defendants merely make conclusory accusations that because Plaintiffs compete with Defendants and filed suit against them, it necessarily follows Plaintiffs must have been responsible for the republishing of publicly available documents. But this flawed logic cannot support a libel claim. Defendants conveniently ignore other plausible scenarios such as the at least as likely scenario that Ms. Yun's former business partner and dramatically estranged paramour (with whom Ms. Yun is currently entangled in an acrimonious lawsuit) or former disgruntled employees, were responsible for the online postings and alleged "negative SEO campaign."

Defendants fail to allege any facts that show Plaintiffs had any role in posting court documents online or the purported "negative SEO campaign." Defendants' assertions are the kind of "conclusory" allegations that can and should be dismissed. Even in the light most charitable to Defendants, they do not offer more than rank speculation that any of these statements or actions are remotely attributable to Plaintiffs. *See Navarra v. Marlborough*

*Gallery, Inc.*, 820 F. Supp. 2d 477, 489 (S.D.N.Y. 2011) (dismissing plaintiff's defamation claims because they were based solely on mere speculation and the statements were made during the course of a legal proceeding under Fed. R. Civ. P. 12(b)(6)).

Similarly fatal to Defendants' libel claims, they do not adequately allege malice, an essential element for injurious falsehood and common law product disparagement. *Gucci Am., Inc. v. Duty Free Apparel, Ltd.*, 277 F.Supp.2d 269, 276 (S.D.N.Y. 2003). "A plaintiff does not make the requisite showing of malice simply by labeling the defamation malicious." *County Vanlines Inc. v. Experian Info. Solutions, Inc.*, 317 F. Supp. 2d 383, 390 (S.D.N.Y. 2004) (internal citations omitted). To demonstrate malice, a plaintiff must show at least a "reckless disregard" for the truth. *Id.* Here, Defendants failed to allege any ***facts*** showing any intentional conduct by Plaintiffs.

Finally, claims of injurious falsehood and common law product disparagement require pleading and proof of special damages. *See Farby v. Meridian VAT Reclaim, Inc.*, 99-CV-5149 (NRB), 2000 WL 1515182, at *4 (S.D.N.Y. Oct. 11, 2000) ("Special damages are an 'essential element of' an injurious falsehood claim); *Gucci Am.*, 277 F. Supp. 2d at 276 ("In order to prevail on a claim of product disparagement, the claimant must establish … special damages."). It is well-established that "[c]ourts apply this requirement strictly and routinely grant motions to dismiss for failure to allege special damages with the requisite specificity." *Id.* at 278.

Here, Defendants allege only that "[s]uch negative SEO campaigns have hurt Defendants' business in a significant way." (Answer at 45, ¶ 320). But these generic, vague and conclusory allegations of "hurt business" are insufficient to survive a motion to dismiss. *See Gucci Am.*, 277 F. Supp. 2d at 277 ("when loss of business is claimed, the persons who cease to

be customers must be named and the losses itemized."). Moreover, the allegation that "Defendants have suffered actual, general and specific damages . . . ." (Answer at p. 54, ¶ 366) is also conclusory and therefore insufficient as a matter of law.

### IV. The Answer Does Not Adequately Allege a Claim for Tortious Inference with Prospective Business Advantage

To state a claim for tortious interference with prospective business advantage, Defendants must allege that Plaintiffs engaged in conduct that was "wrongful by some measure beyond the fact of the interference itself." *BFI Group Divino Corp. v. JSC Russian Aluminum*, 481 F. Supp. 2d 274, 281 (S.D.N.Y. 2007) (citing *Della Penna v. Toyota Motor Sales, U.S.A., Inc.*, 11 Cal. 4th 376 (1995)). The alleged conduct cannot be "merely incidental to some other lawful purpose." *Sullivan v. Am. Airlines, Inc.*, 613 F. Supp. 226, 232 (S.D.N.Y. 1985). Under these standards, the Counterclaim alleges no actionable conduct by Plaintiffs.

Defendants allege that "Plaintiffs' actions in republishing the First Amended Complaint and PTO's Notice [sic] and its negative SEO campaign against Manhattan Elite Prep were done intentionally and with malice . . . ." (Answer p. 55, ¶ 369). But, as noted, the fact that negative information about Ms. Yun and Defendants' products and services exists online, it does not follow that Plaintiffs "or someone influenced or paid by Plaintiffs" are responsible. Accordingly, this allegation that "Plaintiffs acted for a wrongful purpose and/or dishonest, unfair and/or improper means . . . to interfere with Defendants' prospective advantage" (Answer at p. 55, ¶ 370) is conclusory and insufficient as a matter of law. *See, e.g., Bell Atl.*, 550 U.S. at 555 (complaint must provide "more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do."); *Carson Optical, Inc. v. Prym Consumer USA, Inc.*, No. 11-CV-3677 (ARL), 2014 WL 1315255, at *12 (E.D.N.Y. Mar. 28, 2014) (complaint must allege

"defendant intentionally engaged in acts . . . designed to disrupt an economic relationship between the plaintiff and another." (Quoting *Rodime PLC v. Seagate Technology, Inc.*, 174 F.3d 1294, 1306 (Fed. Cir. 1999)). *See, e.g., Empire State Bldg. Assocs. v. Trump*, 247 A.D.2d 214 (N.Y. App. Div. 1998) (affirming dismissal of cause of action for failure to allege wrongful means). Because Defendants have alleged no facts supporting its economic advantage counterclaim, such claim should be dismissed.

## CONCLUSION

Defendants' counterclaims lack factual allegations necessary to support their First, Third, Fourth, Fifth, and Sixth Counterclaims and should be dismissed. These counterclaims appear to be manufactured solely to harass and impose expense on Plaintiffs. The real issue in this case is Defendants' willful infringement of Plaintiffs' trademark and Defendants' tactic to divert attention from that issue should be rejected.

KENYON & KENYON LLP

Dated: May 23, 2014    By:    */s/ Mimi K. Rupp*
Howard J. Shire (HS 8892)
One Broadway
New York, New York 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Mimi K. Rupp (MR 0007)
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
Telephone: (650) 384-4700
Facsimile: (650) 384-4701

*Counsel for Plaintiffs, Kaplan, Inc. and MG Prep, Inc. d/b/a Manhattan Prep and Manhattan GMAT*

11