UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KAPLAN, INC. and MG PREP, INC. d/b/a MANHATTAN PREP and MANHATTAN GMAT, | : : : |
| Plaintiffs, | : No. 13-cv-1147-JGK-HP |
| v. | : : ECF CASE |
| TRACY YUN and MANHATTAN ENTERPRISE GROUP LLC d/b/a MANHATTAN ELITE PREP, | : : : |
| Defendants. | : : |
| AND RELATED COUNTERCLAIMS | : : |

**PLAINTIFFS' REPLY MEMORANDUM OF LAW IN SUPPORT OF
PLAINTIFFS' MOTION TO DISMISS DEFENDANTS' AMENDED COUNTERCLAIMS**

Howard J. Shire (HS 8892)
KENYON & KENYON LLP
One Broadway
New York, NY 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Mimi K. Rupp (MR 0007)
KENYON & KENYON LLP
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
Telephone: (650) 384-4700
Facsimile: (650) 384-4701

*Attorneys for Plaintiffs
Kaplan, Inc. and MG Prep, Inc.
d/b/a Manhattan Prep
and Manhattan GMAT*

# TABLE OF CONTENTS

PRELIMINARY STATEMENT ........................................................................................ II

    I.    Plaintiffs Have Standing to Assert Their Rights in and to the "Manhattan GMAT" Mark .................................................................................................................... 2

    II.   The Answer Does Not Adequately Allege a Claim for Trade Libel ................................. 3

CONCLUSION .................................................................................................................... 7

# TABLE OF AUTHORITIES

**Cases**

15 U.S.C. § 1125(a)(1);............................................................................................................ 2

*Accurate Grading Quality Assurance, Inc. v. Thorpe*, No. 12 Civ. 1343, 2013 WL 1234836
(S.D.N.Y. Mar. 26, 2013) ...................................................................................................... 7

*Barcher v. N.Y. Univ. Sch. of Law*, 993 F. Supp. 177, 181 (S.D.N.Y. 1998................................... 4

*DEP Corp. v. Interstate Cigar Co.*, 622 F.2d 621, 624 n.3 (2d Cir. 1980...................................... 2

*First City Nat'l Bank & Trust Co. v. FDIC*, 730 F. Supp. 501, 514 (E.D.N.Y. 1990 ..................... 4

*Forschner Grp. v. B-Line A.G.*, 943 F. Supp. 287 (S.D.N.Y. 1996) .............................................. 5

*In re Spansion, Inc., 507 Fed. Appx. 125, 128 (3d Cir. 2012)* (internal citations and quotations
omitted) (emphasis added)..................................................................................................... 2

*Lipsky v. Commonwealth United Corp.*, 551 F.2d 887 (2d Cir. 1976);........................................... 4

*Metrokane, Inc. v. Wine Enthusiast*, 160 F. Supp. 2d 633 (S.D.N.Y. 2001) .................................. 6

*NOW v. Scheidler*, 897 F. Supp. 1047, 1087 n. 28 (N. D. Ill. 1995) ............................................. 4

*RCA Mfg. Co. v. Columbia Recording Corp.*, 36 F. Supp. 247, 251 (S.D.N.Y. 1940) .................. 5

*Zip Int'l Grp., LLC v. Trilini Imps., Inc.*, 2010 WL 648696, at *3 (E.D.N.Y. Feb. 22, 2010) ....... 3

**Statutes**

15 U.S.C. § 1125(a)(1); ............................................................................................................ 2

**Federal Rules**

Rule 12(f)(2) ............................................................................................................................ 4

# PRELIMINARY STATEMENT

Defendants' Opposition only amplifies the pleading deficiencies in their counterclaims. At the very most, the Opposition alleges that Plaintiffs' trademark infringement claims constitute libel, because this action is supposedly part of "a bad faith scheme to damage and disparage Defendants." Opp'n at 2. However, this conclusory accusation cannot, as a matter of law, support a claim for trade libel. Under Defendants' fractured logic, it is hard to imagine a plaintiff who would not be subject to a libel counterclaim. In addition, the Opposition identifies no allegations in the Answer which support this counterclaim, other than vague and conclusory statements, such as "Plaintiffs' goals are to (i) destroy Defendants' business while students have rated it much higher than Plaintiffs' business . . . , (ii) ruin Ms. Yun's reputation both in her professional and personal lives, despite her top 1% test score on the GMAT and other tests . . . and (iii) monopolize the test preparation industry by hurting competitors and limiting students' viable study choices." Opp'n at 5. These allegations do not meet the pleading requirement of trade libel.

Defendants' failure to provide anything more than conclusory statements and incorrect legal conclusions dooms their counterclaims. Again, Defendants repeat their baseless accusations that Plaintiffs manufactured evidence of actual confusion and engaged in a scheme to direct Internet traffic to websites with links to publically filed court documents. Disturbingly, Defendants fail to allege essential facts to support these claims. Accordingly, Defendants' counterclaims should be dismissed with prejudice because their factual allegations do not rise above mere speculation.

## I. Plaintiffs Have Standing to Assert Their Rights in and to the "Manhattan GMAT" Mark

Defendants allege that "Plaintiffs are not a licensee [sic] of GMAC and have no right to sue upon the [MANHATTAN] GMAT mark." Answer at 52. Defendants claim that the 2004 letter agreement that allows Plaintiffs' use of the MANHATTAN GMAT mark is not a license because it "does not use the word license." Opp'n at 10-11. "[A] license…[is] a mere waiver of the right to sue by the patentee. A license need not be a formal grant, but is instead a consent[ ] to [the] use of the patent [or trademark] in making or using it, or selling it . . . and a defense to an action for a tort…[T]he inquiry focuses on what the agreement authorizes, not whether the language is couched in terms of a license or a covenant not to sue; effectively the two are equivalent." *In re Spansion, Inc.*, 507 Fed. Appx. 125, 128 (3d Cir. 2012) (internal citations and quotations omitted) (emphasis added); *see also Rossner v. CBS, Inc.*, 612 F. Supp. 334, 341 (S.D.N.Y. 1985) (noting that a covenant permitting use of the trademark free from allegations of misappropriation had the practical effect of a license).

Under the plain language of the letter agreement, GMAC explicitly authorizes Plaintiffs' "continued use of the phrase 'Manhattan GMAT' in [Plaintiffs'] publications, CDs, catalogs, brochures, testing material, website pages, emails to prospective clients and students, and other printed or promotional materials." The inescapable conclusion is that Plaintiffs are licensees of the GMAT mark for use of MANHATTAN GMAT.

Defendants do not dispute that Section 43 of the Lanham Act permits suit "by any person who believes that he or she is likely to be damaged." 15 U.S.C. § 1125(a)(1); *DEP Corp. v. Interstate Cigar Co.*, 622 F.2d 621, 624 n.3 (2d Cir. 1980) (noting that "a competitor who is or is likely to be damaged would have standing" under Section 43(a)). Defendants' tumultary discussion of *Zip Int'l Grp., LLC v. Trilini Imps., Inc.*, 2010 WL 648696, at *3 (E.D.N.Y. Feb.

22, 2010) erroneously concludes that this decision does not support Plaintiffs' claim that it has standing under Section 43(a). Defendants are wrong. The court in fact rejected Trilini's claim that Zip had no standing under Section 43(a) as a mere licensee. *Id.* at *6. Likewise, this Court should reject Defendants' claim that Plaintiffs have no standing as a licensee.

## II. The Answer Does Not Adequately Allege a Claim for Trade Libel

In their Opposition, Defendants appear to retreat from their unsupported claim that Plaintiffs were the only parties with access to the First Amended Complaint (the "Complaint") without the Court's time stamp. After Plaintiffs pointed out, in their opening brief, that Defendants' then existing counsel also had access to this document, Defendants changed tack and now acknowledge, as they must, that merely republishing a complaint pled in good faith cannot constitute trade libel. (Defendants, however, stand firm on their baseless claim that Plaintiffs' alleged involvement in directing internet traffic to public websites constitutes trade libel. Opp'n at 9.)[1]

Defendants now allege that Plaintiffs' claims were brought in bad faith because (1) their trademark infringement claims, which survived Defendants' Motion to Dismiss, are somehow manufactured and (2) the Complaint includes the irrelevant, impertinent and scandalous allegations concerning a federal action and a state action that references Ms. Yun's past infringement of Plaintiffs' trademarks and her representations in state court about her use and adoption of the infringing MANHATTAN ELITE PREP designation (the "State Action").

---

[1] Defendants parrot their unsupported allegation that Plaintiffs "manufactured" evidence of student confusion: "Thirdly, Plaintiffs manufactured online material and concocted student confusion by creating Internet forum threads using fake student identities to divert potential customers from doing business with Defendants." Opp'n at 4. Defendants fail to offer essential factual allegations to support this accusation. This failure dooms their counterclaim.

3

Defendants' allegations concerning the "bad faith nature of the Complaint" are deficient. Opp'n at 14. Neither the Answer nor the Opposition attempts to explain how Plaintiffs' "manufactured" Lanham Act claims survived Defendants' Motion to Dismiss. *See* D.I. 62, 84.

Defendants' allegation that Plaintiffs' claims were brought in bad faith because the Complaint includes irrelevant, impertinent and scandalous allegations is equally flawed. First, Defendants failed to bring a motion to strike under Rule 12(f)(2) when they had the opportunity to do so. Second, even if Plaintiffs' Amended Complaint included allegations that were subject to a Rule 12(f) motion, such content would be insufficient to support an allegation that Plaintiffs' claim were brought in bad faith. Not surprisingly, Defendants cites no authority to support this counterclaim. Moreover, even if Defendants did not waive their right to bring a motion to strike, this motion is strongly disfavored and should not be granted "unless it can be shown that no evidence in support of the allegation would be admissible" at trial. *Lipsky v. Commonwealth United Corp.*, 551 F.2d 887, 893 (2d Cir. 1976); *Roe v. City of N.Y.*, 151 F. Supp. 2d 495 (S.D.N.Y. 2001) (denying defendants' motion to strike references to HIV/AIDS because such references were material to plaintiffs' claims that their arrest was unlawful).

To prevail on a motion to strike, Defendants must show that the challenged material has no bearing on the subject matter of the litigation and that its inclusion will unnecessarily prejudice them. *See, e.g.*, *Barcher v. N.Y. Univ. Sch. of Law*, 993 F. Supp. 177, 181 (S.D.N.Y. 1998) (denying defendant's motion to strike sexual harassment allegations based on 20-year old unproven, unreported events because plaintiff was available to testify regarding the events); *First City Nat'l Bank & Trust Co. v. FDIC*, 730 F. Supp. 501, 514 (E.D.N.Y. 1990) (denying motion to strike discussion of purported illegal activity by some defendants); *NOW v. Scheidler*, 897 F. Supp. 1047, 1087 n. 28 (N. D. Ill. 1995) ("[t]o strike portions of a complaint, the allegations

being challenged must be so unrelated to plaintiff's claims as to be void of merit and unworthy of any consideration").

Contrary to Defendants' allegations, the portions of the Complaint referencing Plaintiff MG Prep, Inc.'s 2005 cybersquatting action against Manhattan Review LLC ("MR"), when Defendant Tracy Yun was the Chief Executive Officer of MR, are neither "immaterial, impertinent, [nor] scandalous." Equally unavailing is Defendants' representation that Ms. Yun was somehow not accountable for the infringing domains that her company controlled when she served as its CEO. Importantly, Defendants do not deny that Ms. Yun served as Chief Executive Officer of Defendant MR during the pendency and settlement of the 2005 cybersquatting action.

As a result, the material in the Complaint referencing the previous cybersquatting dispute involving Ms. Yun and Plaintiff MG Prep, Inc. provides relevant information on the parties, their businesses, and their relationship to each other. *See, e.g., Forschner Grp. v. B-Line A.G.*, 943 F. Supp. 287 (S.D.N.Y. 1996) (denying Rule 12(f) motion to strike paragraphs of complaint referring to prior dispute involving a different allegedly infringing mark from the one at issue). Moreover, as the bad faith nature of Defendants' adoption of the alleged MANHATTAN ELITE PREP designation (the "Infringing Mark") is a crucial element of Plaintiffs' claims; it follows that Defendant Tracy Yun's involvement with the 2005 cybersquatting action during her tenure as CEO and past business practices are material. *See RCA Mfg. Co. v. Columbia Recording Corp.*, 36 F. Supp. 247, 251 (S.D.N.Y. 1940) ("[Allegations that defendant had improperly lured away plaintiff's employees and recording artists] are part and parcel of a connected series of alleged events, all of which tend to show both the trade-mark infringement and the unfair competition through the illegal use of plaintiff's marks.").

Likewise, Defendants' allegation that the pending lawsuit filed against them in state court is not material to Plaintiffs' action, is meritless. First, in the State Action, Defendants have alleged that "the mark 'MANHATTAN ELITE PREP', which is the same as Plaintiffs' MANHATTAN PREP mark, aside from the laudatory descriptive word ELITE, is distinctive and entitled to protection." D.I. 30, Ex. M ¶ 77. While Defendants may prefer to argue that the Infringing Mark is weak in this action and distinctive in the State Action to suit their purposes, the Court should not allow Defendants to have it both ways. Accordingly, at a minimum, Defendants' representations about the adoption and use of the Infringing Mark in the State Action are material, if not critical, to this case. In addition, the State Action, which concerns Defendants' unlawful business practices, including deceptive practices and intellectual property violations, is relevant to this action because, *inter alia*, Defendants' allegedly unlawful and deceptive activities in the State Action concern the creation and promotion of the MANHATTAN ELITE PREP business. Defendants' activities in connection with their MANHATTAN ELITE PREP business necessarily cause direct, irreparable injury to MANHATTAN PREP's unparalleled reputation for excellence and fair dealing. *See, e.g.*, *Metrokane, Inc. v. Wine Enthusiast*, 160 F. Supp. 2d 633, 642 (S.D.N.Y. 2001) (denying Rule 12(f) motion to strike portions of the complaint because "the information about the [allegedly infringing] Le Rapide corkscrew, its allegedly infringing mark and defendants' market practices is material to the case, especially to the trademark infringement claim.")

The paragraphs of Plaintiffs' Complaint that reference the State Action should not be stricken. These convey essential information that provides context for, and is related to, Defendants' bad faith adoption and use of the Infringing Mark and, deceptive business practices as alleged in the Complaint. *See, e.g.*, *Accurate Grading Quality Assurance, Inc. v. Thorpe*, No.

12 Civ. 1343, 2013 WL 1234836 (S.D.N.Y. Mar. 26, 2013) (denying motion to strike parts of complaint regarding allegations concerning prior instances of using copyrighted materials without permission because this information could be relevant to the unfair competition claim). Thus, even if Defendants properly made a motion to strike (which they did not), such motion would fail.

## CONCLUSION

Defendants' counterclaims lack factual allegations necessary to support them and should be dismissed with prejudice. The Opposition's efforts to supplement the Answer's deficient allegations only highlight that the counterclaims, as pled, are insufficient. Defendants' counterclaims appear to be calculated to harass and impose expense on Plaintiffs. The true issue in this case is Defendants' willful infringement and their wasteful tactic to divert attention from that issue should be rejected.

KENYON & KENYON LLP

Dated: July 14, 2014

*/s/ Howard J. Shire*
Howard J. Shire (HS 8892)
One Broadway
New York, NY 10004
Telephone: (212) 425-7200
Facsimile: (212) 425-5288

Mimi K. Rupp (MR 0007)
1801 Page Mill Road, Suite 210
Palo Alto, CA 94304
Telephone: (650) 384-4700
Facsimile: (650) 384-4701

*Attorneys for Plaintiffs*
*Kaplan, Inc. and MG Prep, Inc.*
*d/b/a Manhattan Prep*
*and Manhattan GMAT*